WESTERN DIST.
October, 1840.

TOMPKINS ET UX
vs.
BENJAMIN, TU-
TOR, &c.

recover, because
he had not pro-
ceeded to judg-
ment in his suit,
and did not
show that he
had sustained
any damages.

---

## TOMPKINS ET UX *vs.* BENJAMIN, TUTOR, &C.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF CARROLL.

In courts of general or ordinary jurisdiction, the party intending to appeal *must have the testimony taken down in writing by the clerk*, so that the record contains *all the testimony adduced* on the trial, or the appeal will be dismissed.

In the Court of Probates, the *judge* is required by the 1042 *article* of the *Code of Practice*, to take down the testimony of the witnesses in writing, and annex it to the record, together with a list of the documents produced by the parties, that they may be read on the appeal.

So, where the judge of probates failed or neglected to take down the testimony of witnesses on the trial, and the record came up without it, the cause was remanded for a new trial.

This is an action instituted by the plaintiff's wife, Elizabeth E. Graham, with his consent and assistance, against her tutor to compel him to account and surrender up and deliver over her effects and property.

WESTERN DIST.
*October,* 1840.

TOMPKINS ET UX
*vs.*
BENJAMIN, TU-
TOR, &c.

The plaintiffs allege that the defendant has in his possession a tract of land and twenty-one slaves, with moneys and effects which he has received, belonging to her, and which together with the rent of the land, hire and services of the slaves, &c., amount to a very large sum, to wit, twenty-eight thousand dollars; for which she prays judgment absolutely against her tutor, in case he fails to render a just and true account of his tutorship, and pay over all that justly belongs to or is due her.

This suit was filed the 18th July, 1838, and the defendant ordered to account within eleven days. Service of this order was made on the 24th July. The case was finally fixed for trial the 27th March, 1839, on which day, the defendant's regular counsel being absent, he procured an attorney who put in an answer of a general denial.

The defendant presented his affidavit and moved for a continuance, on the ground that Charles M. Emmerson, his only counsel was absent on business of the state, and had all the accounts and vouchers relating to his tutorship of the *wife of* the plaintiff, and that he *could not go safely to* trial without these papers.

The judge of probates disregarded the affidavit, and rendered judgment for the plaintiff's demand, as set forth in the petition, without any evidence on the part of the defendant.

He then moved for a new trial, on the grounds that he was ruled into trial *instanter,* without any day having been previously fixed for trial; and without reasonable time given him to procure his papers and vouchers, necessary to his defence, &c.

The motion for a new trial was overruled, and the defendant appealed.

The judge of probates certifies at the foot of the record, that it contains a copy of all the documents on file, and of all the proceedings had, "*except the testimony* adduced by the parties, which the counsel did not require to be taken down in writing."

*M'Guire,* for the appellant, insisted that the law required all the evidence to be taken down in writing by the judge,

in all cases tried in the Court of Probates. *Code of Practice, article* 1042.

WESTERN DIST.
October, 1840.

TOMPKINS ET UX
vs.
BENJAMIN, TU-
TOR, &c.

2. The probate judge improperly refused a continuance upon the defendant's affidavit, that his counsel was absent with his papers and vouchers. 2 *Louisiana Reports,* 297.

3. Justice requires that this case be remanded for a new trial according to law, as the appellant has been deprived, by the act of the probate judge, of the necessary means and evidence to try this appeal on the merits.

*Selby,* contra, urged the affirmance of the judgment ; and at all events that the case be not remanded, but finally determined. If the case cannot be tried on the merits, the appeal should be dismissed.

*Morphy, J.,* delivered the opinion of the court.

This is an action instituted by a minor, emancipated by marriage, and assisted by her husband, to obtain from the defendant, who was her former tutor, an account of his administration as such, and the delivery of certain property belonging to her. The defendant filed a general denial ; whereupon the court below, rendered a judgment in favor of plaintiff. After an unsuccessful attempt to obtain a new trial the defendant appealed.

The record does not enable us to examine this case on its merits. It contains no evidence, statement of facts or bill of exceptions. We have been urged by the appellee's counsel, either to affirm the judgment or dismiss this appeal. We think that in this case we can do neither. The judge of probates certifies that the record contains a copy of all the documents on file, and a transcript of all the proceedings had in the case, *except the testimony adduced by the parties, which the counsel did not require to be taken down in writing.* Had this appeal been brought up from one of the courts of ordinary jurisdiction, the motion to dismiss must have prevailed; but the provisions of the *Code of Practice,* in relation to the trial of cases in the Court of Probates, differ widely in one respect from those regulating the proceedings of the other courts. In the

In courts of general or ordinary jurisdiction the party intending to appeal, must have the testimony taken down in writing by the clerk, so that the record contains *all the testimony adduced* on the trial, or the appeal will be dismissed.

WESTERN DIST.
*October*, 1840.

TOMPKINS ET UX
*vs.*
BENJAMIN, TU-
TOR &c.

In the Court
of Probates, the
*judge* is required
by the 1020 *ar-
ticle* of the *Code
of Practice*, to
take down the
testimony of the
witnesses      in
writing, and an-
nex it to the
record, togeth-
er with a list of
the documents
produced by the
parties, that they
may be read on
the appeal.

latter, the request of one of the parties can alone authorize the testimony to be taken in writing by the clerk, and if this has not been done, the judge must make a statement of facts, if required to do it at any time before the appeal is granted. See *Code of Practice, articles* 601–2. In the courts of probate, the law provides that " the testimony of the witnesses shall be taken in writing and annexed to the record, and a list shall be made of such documents as are produced by the parties and are not annexed to the record, that they may be read on the appeal. See *article* 1042, of the *Code of Practice.* The reason of this provision is obvious ; most of the suitors in our courts of probate are litigating " *en auter droit.*" They appear on behalf of heirs, minors, absentees, &c.; persons under the peculiar protection of our laws, without some such provision, for the preservation in writing of all proceedings affecting them, their rights might be jeopardized. Minors, for instance, are secured the right of appealing during one year after their becoming of age. Were the testimony not reduced to writing, it would in most cases be difficult, if not impossible, for them to obtain a statement of facts. Their right to our appeal would be perfectly nugatory. Under the above provision, this court has recently held in the Eastern District, that the judges of the courts of probate cannot be called upon to make a statement of facts in the causes tried before them. It has been contended on the part of the appellee, that defendant's counsel not having called upon the judge below to take down the testimony in writing, cannot complain before this court of his failure to do so. If under the provision above mentioned, it could have been the duty of either party to see the testi-

So, where the
judge of pro-
bates failed or
neglected      to
take down the
testimony    of
witnesses on the
trial, and the
record came up
without it, the
cause was re-
manded for a
new trial.

mony reduced to writing, we should think it devolved on the one seeking to obtain a judgment that would stand and be supported by law. The defendant's counsel might have been absent, or if present he might not have thought himself bound to require of the judge that which the law imperatively required of him. We do not think that a party should suffer from the judge's neglect, to do an act necessary to the effectual exercise of his right of appealing to this tribunal

Although no bill of exceptions is to be found in the record, we cannot help noticing a singular feature presented by the proceedings before us, and which strengthens the conclusion to which we have come of remanding this case for a new trial. On the very day, the defendant filed his answer he was ruled to trial, notwithstanding an affidavit, he laid before the court, showing that unless a reasonable time was allowed he would be deprived of his means of defence ; all his papers and vouchers being in the hands of his counsel, then absent from the parish. A trial under such circumstances cannot be considered as a fair investigation of the rights of the parties.

It is, therefore, ordered, that the judgment of the Court of Probates, of the parish of Carroll, be annulled, avoided, and reversed; and it is further ordered, that this cause be remanded over, to be proceeded in according to law ; the plaintiffs and appellees paying the cost of this appeal.