## SUCCESSION OF REEVES.

In all probate proceedings the testimony of witnesses must be taken in writing. The reorganization of the judiciary under the constitution of 1845 has made no change in the rule prescribed by art. 1042 of the Code of Practice, on this subject. A non-compliance with the article may be taken advantage of by assignment of error on appeal.

APPEAL from the District Court of Lafayette, *Overton, J. Dwight*, for the appellant. *Mouton, Crow*, and *Greig*, contrâ. The judgment of the court was pronounced by

Eustis, C. J. This appeal is taken on behalf of certain minor heirs of the deceased, *Joseph Reeves*, who reside in the State of Mississippi, from a certain final judgment homologating a tableau of distribution of proceeds of the effects of the succession, presented by *Edmond Reeves*, administrator thereof. The record comes up without any bill of exceptions or statement of facts. The ap-

pellant assigns as error that, according to the record, the judgment was render- <span style="float:right">Succession<br>of<br>Reeves.</span> ed without evidence. No note or minute of the evidence appears of record; and, in proceedings of courts of probate art. 1042 of the Code of Practice appears to be imperative in this respect. It provides that the testimony of witnesses in causes before the courts of probate shall be taken in writing, and annexed to the record; and a list shall be made of such documents as are produced by the parties, and are not annexed to the record, that they may be read on the appeal."

The interests of minors and absentees in probate proceedings, have induced our predecessors, on all occasious, to require a compliance with this regulation on the part of those courts; and we do not think the new organization of our judiciary system, under the present constitution, has made any change in this salutary rule, which is to be strictly observed in all probate proceedings, although in ordinary courts no such rule of practice exists.

It appears to have been settled that a non-compliance with this article on the part of a court, can be taken advantage of by assignment of error on the appeal. *Tompkins* v. *Benjamin*, 16 La. 200. *Graham* v. *Graham*, Id. 203. *De Armas* v. *De Armas*, 17 Id. 115. The judgment appealed from was rendered by the judge of the parish of Lafayette. We do not deem it necessary to notice the other matters assigned as error by the appellant.

The judgment appealed from is, therefore, reversed, and the case remanded for a new trial, the administrator of the succession paying the costs of this appeal.