4a 517<br>44 548

PARGOUD *v.* BREARD, Administratrix.

Where, in an action for money against a succession, the testimony of the witnesses is not reduced to writing and annexed to the reccord, and no list is made of such documents as were produced by the parties and not annexed to the record, the appellee may require the case to be remanded.

The prosecution of a claim for money against a succession is exclusively a probate pro-ceeding. C. P. 924, §13.

APPEAL from the District Court of Ouachita, *Copley,* J. *McGuire* and *Ray,* for the plaintiff. *Sharp* and *Baker,* for the appellant. The judgment of the court was pronounced by

ROST, J. This is a suit against the administratrix of the succession of *Breard,* upon an obligation subscribed by him to the plaintiff. *William Maconchy,* re-presenting himself to be the agent of the administratrix, acknowledged service of the petition. He then failed to answer, and a judgment by default was taken against the succession, and, after the legal delay, made final for the balance claimed and interest. When the administratrix was apprized of this proceeding she took the present appeal.

The certificate of the clerk is not sufficient to enable us to examine the case on its merits; but the appellant contends that, she cannot be prejudiced by the this informality. Her counsel urges that this was a probate proceeding, in which, under article 1042 of the Code of Practice, it was necessary to take the testi-mony of the witnesses in writing, and to make and file in the record a list of all the documents produced by the parties; and that this not having been done, she is entitled to have the case remanded, under the authority of *Tompkins &. Wife* v. *Benjamin, Tutor,* 16 La. 197; *Graham's Heirs* v. *Graham's Adminis-trator,* 16 La. 201; *Desormes* v. *Desormes' Syndic,* 17 La. 115; and the *Succes-sion of Reeves,* 3 An. 554.

We are of opinion that this ground of defence must be sustained. The prose-cution of a claim for money against a succession is exclusively a probate pro-ceeding. C. P. 924, §13.

It is urged in behalf of the plaintiff that, this claim had been acknowledged by the administratrix; but this is denied, and the action of the plaintiff rests upon the presumption that it had not been acknowledged.

It is ordered that the judgment in this case be reversed, and the case remand-ed for further proceedings according to law, with directions to the District Judge to allow the defendant to plead to the merits. It is further ordered that, the costs of this appeal be paid by the plaintiff and appellee.