EASTERN DIST.
*January*, 1840.

GAY *vs.* ARDRY.

GAY
*vs.*
ARDRY.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

The party who fails to offer evidence of the facts, on which his exception is based, and proceeds to trial on the merits, may be held to have waived the exception.

A party has no right to interrogate a juror, on oath, whether he understands the English language.

A verdict which gives interest from *judicial* demand is sufficiently certain, as the record specifies the day.

Judgment may be rendered after the lapse of more than three days from that on which the verdict is found. The appellant complains with a bad grace, that judgment was not rendered against him soon enough.

This is an action against the maker of a promissory note.

There was a verdict for the sum claimed with legal interest from judicial demand. The verdict was found the 24th May, and judgment rendered thereon the 13th June following. The defendant appealed, and assigned the points on which he relied as stated in the opinion of the court.

*Stevens,* for the appellant.

*Patterson,* for plaintiff and appellee.

*Bullard, J.,* delivered the opinion of the court.

The appellant relies upon the following points :

1st. That the court erred in ruling that the defendant had waived his exception, by not requiring a trial on it, before the case was set down for trial.

2d. That the court erred in not permitting him to interrogate a juror, on oath, whether he understood the English language.

3d. That the verdict is void, because it does not specify the day from which the interest is to be computed.

4th. That the judgment was not rendered within the three days after the verdict, as required by the Code.

I. The record does not inform us of the facts upon which the exception alluded to was based. The appellant having proceeded to trial on the merits, without offering any evidence of such facts as were necessary to sustain his exception, may well be held to have waived it.

II. The law has not thought proper to make ignorance of the English language a good cause of challenge. The question was, therefore, in our opinion, impertinent.

III. The verdict gives interest from judicial demand, which date is shown by the record, " *id certum est quod certum reddi potest.*"

IV. The appellant complains, with a bad grace, that the judgment was not rendered against him soon enough. We can perceive no good reason why judgment should not be rendered more than three days after verdict found, if there be no other objection.

We should have granted the prayer of the appellee for damages on this appeal as clearly frivolous, if it had not been filed too late. *Code of Practice,* article 890.

It is, therefore, ordered and adjudged, that the judgment of the District Court be affirmed, with costs.

*Eastern Dist.*

*January,* 1840.

The party who fails to offer evidence of the facts on which his exception is based, and proceeds to trial on the merits, may be held to have waived the exception.

A party has no right to interrogate a juror, on oath, whether he understands the English language.

A verdict which gives interest from judicial demand is sufficiently certain, as the record specifies the day.

Judgment may be rendered after the lapse of more than three days from that on which the verdict is found.

The appellant complains, with a bad grace, that judgment was not rendered against him soon enough.