<div style="text-align:right; border:1px solid; display:inline-block; float:right">16L 201<br>44 548</div>

### GRAHAM'S HEIRS *vs.* GRAHAM'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF CARROLL.

When the judge of probates fails or neglects to take down the testimony of the witnesses in writing, according to the provisions of the Code of Practice, article 1042, it will, alone, be sufficient ground to remand the case for a new trial.

This is an action instituted in the Court of Probates, by the heirs of Elizabeth C. Graham, deceased, against William Benjamin, administrator of her estate, as is alleged, to compel a settlement of his administration, and that he be required to pay and deliver over to them all the funds and property of the estate of their deceased mother.

The plaintiffs allege, that it is more than five years since the administrator had rendered any account, and that by his own showing, he has funds of the estate in his hands. That he has received a large amount of money for which he has rendered no account. They pray for judgment for such an amount of money and effects as may be in his possession, and that he be removed from office. There was no answer filed or defence made, as is stated, for want of notice of this suit.

Judgment by default was taken against the administrator, and made final, without any proofs or vouchers filed, for seventeen thousand one hundred and forty-eight dollars, and decreeing his removal from office. After an unsuccessful effort to obtain a new trial, the defendant appealed.

*Selby,* for the plaintiffs, insisted on a final disposition of this case by the court, and that it should not be remanded. The estate of Mrs. Graham had been a great while under administration; the parties were tired of litigation, and wished an end put to the matter.

2. If the record was not complete, it was the fault of the appellant. He failed to have the evidence taken down and put in the record. The appeal should be dismissed.

*M'Guire,* for the defendant and appellant, assigned various errors apparent on the face of the record, and urged a reversal of the judgment, and that the case be remanded for a new trial.

*Morphy, J.,* delivered the opinion of the court.

This is an action brought by the heirs of Elizabeth C. Graham, to compel defendant, as administrator of her estate, to render his account. They allege, that their mother has been dead for more than five years, and that no final settlement of her succession has yet been made; that defendant filed his last account on the 16th December, 1836, at which time, by his own showing, there was in his hands six thousand seven hundred and seventy-nine dollars and fifty-four cents; that

since then he has received other moneys, which he withholds and appropriates to his own use. They pray that he may be decreed to account and pay ten per cent. interest on the whole amount of funds in his hands; and, moreover, that he may be removed from his office of administrator. The defendant having failed to answer, a judgment was taken by default, which was afterwards made final. It decreed the administrator to pay seventeen thousand one hundred and forty-eight dollars, with interest from the 24th July, 1838, and removing him from office. Having vainly endeavored to obtain a new trial, the defendant took this appeal.

In this court, the appellant has assigned as errors apparent on the face of the record:

1. That plaintiffs have not filed with their petition, any proofs in support of their demand, as required by *articles* 1001 and 1002 of the *Code of Practice.*

2. That the order of court, fixing the time within which the defendant was to render his account, has never been served upon him, together with the petition and citation.

3. That three judicial days did not elapse between the rendition of the judgment, by default, and its confirmation.

4. That the final judgment is erroneous, not being in accordance with *article* 1011 of the *Code of Practice,* which provides, that in case of neglect or refusal of an administrator to account, the judge shall issue a mandate, directing him to comply with the provisions of the law, and if, within the time allowed to obey this mandate, he persists in refusing to render an account, without tendering a good reason for the delay, the judge shall order him to be arrested and imprisoned, until he renders the account.

5. That the testimony taken in the cause was not reduced to writing, in compliance with *article* 1042 of the *Code of Practice*; thus precluding an examination of the merits of the case on the appeal.

The last error. assigned, which we have had occasion to comment upon in our opinion this day delivered, would authorize alone the remanding of this case for a new trial: See the case of *Tompkins et ux* vs. *Benjamin Tutor, &c., ante* 197.

WESTERN DIST. It is, especially when judicial proceedings are conducted, in
October, 1840. the absence of any contradictory party, that the forms and
requirements of the law should be strictly pursued; and the
party to be affected by them, can avail himself of any devia-
tion injurious to his interest or rights. As to the other errors
assigned, we have found it unnecessary to notice them, being
satisfied that justice requires the case to be sent back. Suffice
it to say, that the proceedings exhibited by this record pre-
sent such a series of irregularities as has seldom been laid be-
fore this court.

FENNER
vs.
WATKINS ET AL.
When the judge
of probates fails
or neglects to
take down the
testimony of the
witnesses in
writing, accord-
ing to the pro-
visions of the
Code of Practice,
article 1042, it
will alone be
sufficient ground
to remand the
case for a new
trial.

It is, therefore, ordered, that the judgment of the court
below be annulled, avoided and reversed, and that this case
be remanded to be proceeded in according to law; the plain-
tiffs and appellees paying costs.