Garland, J.
delivered the opinion of the court.
From the pleadings in this case, such evidence as is in the record and the points filed by the parties, we are enabled to learn generally, that Jean Baptiste Desormes died in the month of March, 1833, leaving a widow and two minor children to inherit a succession, which at the time was considered insolvent. The widow renounced all interest in the community, reserving her dotal and paraphernal claims, and as the .tutrix of her minor children made [114] an entire renunciation of the succession. A meeting of the creditors, it is said, was held, and Benjamin Poydras de Lalande and Guy Richard appointed syndics, according to the 8th section of the Act of the 29th March, 1826. Moreau’s Dig. vol. 2, p. 439. The latter died soon after, and the former administered the estate alone. He had the property sold, collected the proceeds, and alleges he has paid a large amount of debts. It does not appear he ever made any list of the creditors or classification of the debts owing by the succession, or obtained any authority to pay them, but proceeded to act on his own responsibility in the liquidation. Finally, in the month of July, in the year 1838, Mr. Charles Poydras as attorney for Benjamin Poydras presented a petition to the court of probates with an account of his administration of the estate, representing he had collected and paid large sums of money, and showing abalance in favor.of the• succession. He does not state in what particular capacity he acts, but prays all persons may be duly notified, the account homologated-, and he discharged from further responsibility. To this prayer the widow of Desormes made opposition, alleging all her claims had not been allowed and paid, as did also a creditor named Jewell. Their claims were examined and allowed to some extent, and a final judgment rendered homologating the account, settling the balance, and discharging Poydras. Upon the rendition of this judgment, Jean Baptiste alias Paulin Desormes, who had arrived at the age of majority, and Michel Olinde, under tutor of Laurent Desormes, presented their petition to the probate court, alleging their interest as heirs and praying an appeal from the judgment, as they were injured by it. This appeal the judge made returnable the fourth Monday in September, 1839, but subsequently made a new order, ordering it to be returned on the fourth Monday of November in the same year. When the appeal was filed, the counsel of Poydras denied the appellants were heirs, or had any pecuniary interest, and also moved to dismiss it on various [115] grounds. To try the first issue, the case was remanded to the probate court, 15 La. Rep. 16 ; in which, when it came up for trial, it was admitted the appellants were the children and heirs; and that fact has been certified to us. The appellee again presses his motion to dismiss the appeal, and refers us to various authorities in support of his motion. It is sufficient for us to say, the cases cited were decided previous to the act of the legislature of March 20th, 1839, amending the Oode of Practice, the 19th section of which cures the defects alleged, and if it does not, it compels us to give the parties time to remove the objections. The appeal is therefore maintained.
On the merits, it is impossible for us to determine the case in the present *73 condition of the record. It is evident only a portion of the evidence upon vhich the probate court acted, has been sent up. There is no evidence of the amount of the estate, of the debts paid, their validity, or scarcely any other matter which will enable us to come to a correct conclusion. There are manifest errors on the face of the papers, one of which the appellee admits and expresses a willingness to correct; the appellants allege there are others, but of their precise character we have not the means of correct information and can form no conclusions. Most of the proceedings have been very irregular and confused, and the judge of probates who tried the cause in the first instance, has decided it without evidence, or has not complied with the imperative requisitions of the article 1042 of the Code of Practice, which directs the testimony of witnesses in causes before the court of probates, to be taken in writing and annexed to the record, also a list of the documents filed by the parties that they may he read on the appeal. We find this article so clear and directory, that we refused to dismiss an appeal in the western district at the October term upon the record coming up without a statement of facts, as it was the duty of the judge to have preserved all the testimony adduced by the parties and sent it up with the appeal. We remanded [116] that cause for a new trial, and we feel confident that in this case, the ends of justice require us to exercise the discretion vested in the court by art. 906 of the Code of Practice.
It is therefore ordered and decreed, that the judgment of the court of probates homologating the account presented by the syndic of the estate of Jean Baptiste Desormes, he annulled and reversed, and this case remanded for the purpose of liquidating and fixing precisely all the demands and claims of the syndics or others against the succession, the .amounts received and paid by him, or remaining unpaid, and to he proceeded in, in relation to all other matters, according to law, the appellee paying the costs of this appeal.