Fowler *v.* Smith and Husband.

JAMES W. FOWLER *v.* AMELIA SMITH and Husband.

Where it is not certified that the record contains all the evidence adduced on the trial, and the judgment purports to have been rendered on due proof of the plaintiffs' demand, it will be presumed that evidence was offered to satisfy the court, though the record does not otherwise show that any was produced.

The three days required, by art. 312 of the Code of Practice, to elapse before a judgment by default can be made final, must be judicial days.

Where a defendant is cited to answer within a certain number of days, he is entitled to the whole of the last day to file his answer.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

*J. R. Thomas*, for the plaintiff, submitted the case without argument.

MORPHY, J.  The defendant, Amelia Smith, sued on a promissory note, appeals, with her husband, from a judgment by default rendered against her, and assigns as errors apparent on the face of the record :

1. That the judgment was pronounced below without any evidence whatsoever, and without the note, on which the suit was brought, being exhibited to the court.

2. That the legal delay to file an answer, or to have the judgment by default set aside, was not afforded to her; and that the judgment by default was made final, before the lapse of three judicial days.

I. The clerk does not certify that the record contains all the evidence adduced in the case, and the judgment purports to have been rendered on due proof being made of plaintiff's demand. Evidence may have been, and we are bound to believe, was offered to satisfy the court below ; but the plaintiff was under no obligation to have it taken down in writing, for the use of his adversary, in case he should wish to appeal.  The note sued on is referred to in the petition as annexed to it; and we cannot believe that it was not produced to the judge.

II. It does not appear from the record that three judicial days had elapsed, when the judgment by default was made final.  Citation was served on defendant on the 10th of November, 1840, allowing her eleven days to appear and file her answer.  It does not appear, on what day the default was entered, for the date is left blank in the

transcript; but as the 22d of November, the earliest day on which judgment could have been taken by default, was a Sunday, it must have been entered on the 23d, and we find it confirmed on the 26th. It is therefore clear, that three days had not intervened between the rendering of the judgment by default and its confirmation; and the days which did intervene, are not even shown by the record to have been judicial days. Code of Practice, arts. 312 and 314. 14 La., 268. If the default was taken on the 21st of November, it was prematurely entered, for the defendant was entitled to the whole of the eleventh day, allowed her by the citation.

It is therefore ordered, that the judgment of the District Court be reversed, and that the case be remanded for further proceeding; the plaintiff and appellee paying the costs in both courts.