### SAMUEL LOCKE *v.* MACKINSON & MURPHY.

When a party takes accounts from his debtor to be credited if collected, otherwise to be returned, with full power to settle them in any manner he can, taking a note on time for an account, it operates no novation and no payment.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
*G. A. Breaux*, for plaintiff and appellee. *M. M. Cohen*, for defendants and appellants.

MERRICK, C. J. " Plaintiff sued on an open account and obtained a judgment in the lower court for the sum of four hundred and forty-one dollars and thirty-eight cents, with five per cent. from September 23d, 1855, against the defendants *in solido*. From this judgment *Murphy* has appealed.

" The grounds of defence are : 1st, payment ; 2d, novation ; 3d, that by taking the note of *J. B. Stiles & Co.* in settlement of the account due defendants, plaintiff has made the debt his own."

The proof shows that the accounts of *Stiles & Co.* were taken conditionally ; if they were paid, they were to be credited ; if not, they were to be returned and the Clerk, of plaintiff to whom they were delivered, was authorized to settle the matter in any way he could.

Here was no payment and no novation. Neither did the taking of a note at twenty days after date, under the power granted in this case, make the plaintiff responsible as defendant's agent, under the authorities in 16 La. 150 ; 12 Rob. 428 and 6 An. 763. When he could not obtain payment of the note, he was, by the agreement, authorized to return it.

The answer praying for damages as for a frivolous appeal, was not filed in time. 7 N. S. 657 ; 14 La. 288, 391.

Judgment affirmed.