No. 2924.—STATE OF LOUISIANA v. ALBERT PUSH.

A juror who does not speak or understand the English language, may be challenged by the State, and excluded by the judge, although he be a qualified elector and possess all the legal requisites to constitute him a good juror. The accused is not deprived of any right or privilege by excluding him from the panel.

A juror who does not understand the language in which the proceedings are conducted, is as much an unfit person to sit on the trial, as though he was infirm, or incapable of rendering such services; and the State, as well as the accused, may have him excluded by challenge for cause.

APPEAL from the First District Court of the parish of Orleans. *Abell*, J. *S. Belden*, Attorney General, for the State. *A. G. Semmes*, for defendant and appellant.

HOWE, J. The defendant has appealed from a judgment by which he was sentenced to imprisonment at hard labor for the crime of forgery. The only point presented is by a bill of exceptions to the

action of the judge below in sustaining a challenge for cause made by the State to a juror who did not understand the English language, but only German.

We do not think the court erred in excluding such a juror, and we find it difficult to imagine of what right or privilege the prisoner was deprived by such a ruling.

It is insisted by counsel that the juror was a qualified and registered voter, and, as such, a qualified juror; and that, therefore, the prisoner was entitled to have him sit upon the the trial of this cause. It must be remembered, however, that, while all jurors must be qualified electors, all qualified electors are not necessarily qualified jurors in a particular case. A challenge for cause may exclude many jurors, otherwise embraced in the general terms of the law. Thus, a qualified elector may be challenged *propter affectum*, by reason of some supposed relationship, bias, or partiality, or previous formation and expression of opinion. A qualified elector may be challenged *propter defectum*, as if he be an idiot or lunatic, though not interdicted; or if he be laboring under an attack of *mania a potu*; or if he be blind, in a case requiring an inspection of writings; or if he be deaf, or deaf and dumb. This right to challenge for cause does not spring from any especial provision of law, but from the general rule that the method of trial shall be according to the common law. R. S. 1870, § 976; Archbold, vol. 1, p. 548

Now a person who only understands German, and does not understand English, is no more capable of sitting as a juror in the First District Court of New Orleans, where the proceedings are conducted entirely in English, than if he were deaf and dumb. The accused might desire him, it is true; for ·such a juror would always be bound to acquit, inasmuch as he could never be satisfied beyond a reasonable doubt of the guilt of the accused; but this very desire, if founded on such a reason, is one that can not properly be gratified. The State has some rights in a criminal court; and among them is certainly the right to have a jury composed of men who understand the language in which are conducted those proceedings by which, against the presumption of innocence, she seeks to establish a conviction of guilt.

The juror in this case had, it is true, the general qualifications named in the law. R. S. 1870, § 2125. He was " a duly qualified elector." He was properly summoned and was bound to appear. But this does not deprive the State of the right to challenge for the cause assigned in this case, any more than in a case where a juror is a deaf mute. The right springs from the necessity of things and the general rule that the proceedings in criminal courts of this State shall be according to the common law

The case of Gay *v.* Ardry, 14 La. 288, a civil case, can not control the right of the State in a criminal prosecution.

We may observe that the statute, now in force relative to juries, seems to recognize the want of ability to understand the proceedings, from whatever cause, as an exemption, by exempting persons "who may be infirm or *incapable of rendering such services.*" R. S. 1870, § 2126. It is true that a reason for exemption is no ground for challenge, § 2131, but it is likely that the judge might have excused this juror without giving the prisoner any right to complain.

Judgment affirmed

Rehearing refused.