## No. 2896.—Succession of E. Cordeviolle.

Several appeals from different judgments, rendered in the settlement of a succession, may be cumulated in one record, if all the parties interested enter into an agreement to that effect. In such a case, if the bonds given in such case are sufficiently identified with the judgments from which appeals have been granted, and the respective amounts correspond with the amounts fixed by the order of the court in each case, and be signed by the proper parties, the appeals will not be dismissed for irregularity.

A judgment homologating an administrator's account and tableaux, before the lapse of ten days after citation, is a nullity.

By a sale of succession property, mortgages existing thereon become transferred to the proceeds of the sale, and the purchaser of the property may have the mortgages erased from the records of the mortgage office by rule to that effect on the recorder of mortgages.

A judgment recognizing the widow as legatee under the will, must conform to those provisions in the will which award the legacy.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *L. Castenau* and *Carleton Hunt* and *M. A. Dooley*, for appellants. *A. L. Tissot* and *Charles Louque*, for appellees.

HOWELL, J. Two appellants are before us with appeals taken by them respectively from several judgments rendered in the progress of the mortuary proceedings herein, and made returnable on the same day, third Monday of May, 1870.

38

John Dawson, who was superseded in his office by the appointment of Mrs. Commagere, the sister of the deceased, as dative testamentary executrix, and Mrs. Cordeviolle, widow of the deceased, appealed from a judgment amending and homologating the account rendered by Dawson to his successor. The widow also appealed from a judgment ordering the erasure of the mortgage appearing on the records by the recording of her marriage contract; one amending and homologating an account filed by the dative executrix, and one recognizing her as legatee for an annuity under the will, but refusing to recognize a mortgage resulting from the said marriage contract.

A motion is made to dismiss those appeals on grounds not well taken. That in regard to the appeals being in one transcript is cured by agreement. The bonds are for the amounts fixed by the judge, and, taken with the petitions for appeals, sufficiently identify and describe the judgments appealed from, and the one signed by the widow maintains the appeals in her individual capacity. Her interest as legatee is sufficient to authorize an appeal.

## On the Merits.

We find no error in the judgment on Dawson's account which he was ordered to render to his successor. 19 An. 22; 3 An. 624. The judgment which he obtained homologating it before the expiration of the legal delay was a nullity, and the opposition of the executrix was within time, having been filed before the lapse of ten days from *service of citation* to her.

The judgment ordering the recorder of mortgages to erase the mortgage resulting from recording the contract of marriage, and reserving to the widow "all her rights and privileges on the proceeds of the sale of said real estate for the payment of the annuity donated to her by the deceased in her marriage contract," is one of which the said widow has no good cause to complain. The sale of the property raised the mortgage therefrom and transferred it, if it legally existed, to the proceeds. But, besides this, the court had already decreed that said mortgage did not legally exist on the real estate of the succession, and no appeal was taken therefrom.

We think, also, the judge *a quo* decided correctly upon the oppositions to the account filed by the dative executrix, who does not complain of the items rejected, and the evidence seems to sustain those allowed.

As to the judgment recognizing the widow as legatee under the will for the sum of twelve thousand five hundred francs, a correction should be made to conform to the provisions of the will, which make it *an annuity* to be paid out of the interest of the securities in which the proceeds of the estate are to be invested for the purpose. We do not

undertake to order the proceeds to be transmitted and invested as contemplated, but simply to declare the widow to be entitled to said annuity according to the will.

The appeal from the judgment appointing the dative testamentary executrix is not now before us.

It is therefore ordered that the motion to dismiss be overruled; that the judgment amending and homologating the final account filed by John Dawson, late curator, and signed on twelfth April, 1870, the one ordering the erasure of the mortgage claimed by the widow as resulting from the recording of her marriage contract, and signed March 28, 1870, and the one amending and homologating the provisional account filed by the dative testamentary executrix, and signed April 1, 1870, be respectively affirmed. It is further ordered that the judgment rendered on March 31, 1870, and signed on the thirteenth April, 1870, recognizing the widow Cordeviolle as legatee under the will for the sum of twelve thousand five hundred francs, be so amended as to recognize her as legatee under the will for an annuity of twelve thousand five hundred francs, to be paid in accordance with the provisions of the said will, and that as thus amended said judgment be affirmed. Costs of appeal to be paid by the succession.

Rehearing refused.