## No. 10,836.

### SUCCESSION OF C. E. GIRARDEY.

OPPOSITION OF CITY OF NEW ORLEANS TO PROVISIONAL ACCOUNT.

1. The provisions of Code of Practice 1042, which require that "the testimony of witnesses in cases before the courts of probate shall be taken in writing and annexed to the record," has for object to *preserve* the evidence of claims which are placed upon a succession account for the benefit of minors and absentees so that their right of appeal shall not be abridged.

2. In case an account be homologated without due proof reduced to writing or otherwise, except as to a single creditor who has opposed, the judgment can not be maintained except as to the claim of that opponent.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*W. B. Forman* for Succession, Appellee:

1. When an opponent to the account of an administratrix opposes no item on the account, but only claims to be placed on the account with first privilege, and the account is homologated so far as not opposed, the judgment of homologation is *res judicata* in favor of every creditor on the account, as to his claim and rank, and the opponent can only be heard as to his alleged privilege. Girod vs. Creditors, 2 An. 548; Lee vs. Creditors, 2 An. 994; New Orleans Improvement and Banking Company, 4 An. 471; Succession Mouton, 23 An. 528.

2. When an alleged privileged creditor has successfully resisted a demand to cancel the inscriptions and refer his claims to the proceeds of the property, they can not afterward follow those proceeds. A litigant can not assume contradictory positions, and by turns blow hot and cold. He is estopped by conduct, pleading and judgment.

3. Taxes assessed against one person can not be personal claims against another person.

4. The privileges for taxes on immovable property rest only on the specific property in respect of which it is assessed, and

5. Is prescribed by three years. Act 96, 1877, Sec. 36, p. 142; Act 77, 1880, Sec. 24, p. 95; Act 98, 1886, Sec. 34, p. 145; Act 85, 1888, Sec. 33, p. 124; Act 88, 1888, p. 148.

NOTE.—13th November, 1891. To this date we have no brief of appellant.

*W. B. Sommerville,* Assistant City Attorney, and *Carleton Hunt,* City Attorney, for Opponent and Appellant:

1. The testimony of witnesses in causes before the courts of probate shall be taken in writing and annexed to the record. C. P., Art. 1042.

2. A non-compliance with this article on the part of a court, can be taken advantage of by assignment of error on the appeal. Succession of Reeves, 3 An. 554; Tompkins vs. Benjamin, 16 La. 200; Graham vs. Graham, 16 La. 203; Desormes vs. Desormes, 17 La. 115; Pargoud vs. Breard, 4 An. 517; Succession of Ross, 21 An. 511; Succession of Dorville, 27 An. 131; Succession of Bellocq, 28 An. 155; Succession of Cloney, 29 An. 328.

3. Contracts or agreements above $500 in value must be proved at least by one credible witness, and other corroborating circumstances. C. C., Art. 2277.

6. Copies of tax bills certified to be correct by the comptroller *ad interim* are properly authenticated, and should be received in evidence. Sec. 39, Act 20 of 1882 p. 31; Sec. 21, Act 20 of 1882, p. 24; Sec. 3, Act 85 of 1888, p. 114; Mullan vs. Creditors, 39 An. 398.

7. All oppositions to the account of an administrator must be taken up together and tried at one time, as one case. Succession of Planchet, 29 An. 521.

8. Any item on an account which has been opposed is not covered by the decree of court homologating that account in so far as not opposed. And an heir or creditor who is in court may be heard in opposition to those items which have not been finally disposed of by judgment, and which have been specifically opposed by a co-creditor or co-opponent. Succession of Shafer, 13 An. 113.

9. An act of acknowledgment by a husband in favor of his wife, setting forth that he had received certain money belonging to her, can " in no manner be evidence of the validity of the debt or claim." Sec. 10, Act 95 of 1869, p. 116; Burns vs. Thompson, 39 An. 386.

10. The legal mortgage in favor of a wife against her husband, like other mortgages, is extinguished in the same manner as are other mortgages. C. C., Art. 3411.

11. When the wife acquires property, as her separate estate, which property is paid for by the husband, in an amount far exceeding the original indebtedness of the husband to the wife, that debt is discharged, and the legal mortgage falls, as well as the privilege.

The opinion of the court was delivered by

WATKINS, J.    Originally there were several different oppositions to the account, all of which are dealt with and determined respectively in the judgment homologating same on the 12th of March, 1891—that of the city of New Orleans having been dismissed on an exception and plea of prescription.

On the 16th of December, 1890, there was a judgment homologating the accounts, " so far as not opposed."

The city appears as intervenor *quoad* the last mentioned decree, and as such she appeals; and from the first mentioned judgment she has appealed in her capacity of opponent and defendant—other opponents not making any further contest.

Hence the question for decision is the distribution of the funds of the succession and the right of the city to participate therein.

In this court counsel for the city has filed an assignment of errors in aid of her appeals, in which are formulated and circumstantially stated the grounds of her appeals, and which are substantially that (1) the said judgments of homologation were rendered without any proof having been introduced as to the correctness of the items of the account opposed; (2) that the record contains no note in writing of any such evidence having been introduced to serve as a proper foundation of said judgments; (3) that the record contains no evidence of the correctness of the items of said account, and the judgments homologating such accounts were rendered without any sufficient evidence.

The record shows that the city's petition of opposition simply alleges that she is a creditor of the succession for a large amount of taxes due for the years 1877 to 1890 inclusive, the whole aggregating in capital alone $3177.64, and her prayer is " that the account herein filed be amended by placing (her) thereon as a first privilege creditor" for the amounts due for the various years enumerated,

35

with interest, and that same enjoy preference in payment from the proceeds of the sale in the hands of the administratrix.

During the progress of the proceedings counsel for the administratrix tendered, as an estoppel against the right of the city to participate in the distribution, her resistance to a rule the administratrix had theretofore taken to compel the cancellation of certain tax inscriptions against the property subsequently to its sale; and she also urged the prescription of two, three, five, and ten years, as a bar to the city's claim for taxes as well as against the privilege claimed as securing their payment.

On this statement of the issues raised in respect to the opposition of the city there seems to be no question for determination other than that of privilege *vel non*, and that rests alone upon the plea of prescription urged by the administratrix.

It is true that counsel objected to the city tax bills being introduced in evidence on the ground that the comptroller's certificate or certified copies of the tax rolls constitute the best evidence.

We are of opinion that the judge of the lower court correctly overruled the objection, because the tax bills appear te be official exhibits or exemplifications from tax rolls signed by the city treasurer, giving full and complete *data* of the assessment.

If there be any objection it goes to the sufficiency, and not to the admissibility, of the evidence.   39 An. 398.

Considering the question of the prescription of the tax privileges of the various years in question, we find that those of the years 1882, 1883, 1884 and 1885 are governed by the terms of Section 34, Act 96 of 1882, p. 130, which fixes the prescriptible period at five years; and those since 1886 are governed by the provisions of Section 34 of Act 98 of 1886, p. 145 (since re-enacted as Section 85 of 1888), which fixes the prescriptible period at three years.

Opposition of the city having been filed on the 21st of December, 1891, all tax liens and privileges securing the taxes of 1885 and antecedent years were prescribed by five years. Succession of Stewart, 41 An. 127.

And those securing the taxes of the years 1886, 1887 and 1888 were extinguished by the prescription of three years.

By the operation of these two periods of prescription all of the tax privileges have become inoperative against the claims and demands of succession creditors—except, possibly, the insignificant

·sum of $27.59 for the taxes of 1889 and 1890, of which the city appears to have made no specific complaint.

This is manifestly an insolvent succession, the total proceeds marshalled for distribution only aggregating $18,712.50, and the privileged debts enumerated on the tableau amounting to $17,570.46 in capital alone—nothing remaining to be applied to the payment of ·ordinary debts of about $3000, and only a small amount of property remaining unsold.

Under this statement of facts, the demands of the city as an *ordinary* creditor of the succession would be completely overshadowed and defeated by the demands of other creditors, whose claims are secured by mortgage and privilege. Succession of Mercier, 42 An. 1135.

As a reason why the demands of such creditors—and notably of the widow of the deceased, who figures as a creditor of his succession for a large sum—should be disallowed and rejected, counsel for the city points to the provisions of Art. 1042 of the Code of Practice as mandatory and controlling, and his insistence is that the failure of the counsel to observe its provisions results fatally to all the claims that are covered by the judgments rendered.

That article is found in that chapter of the code which treats "of the proceedings in relation to all actions brought in the parish court, as a court of probate;" and it declares that "the testimony of witnesses in causes before the courts of probate *shall be taken in writing* and annexed to the record," etc.

Respecting the provisions of that article as mandatory, we can not perceive the interest of the city to urge them. She is a person in law and *sui juris*. In her answer and opposition she *affirms* the existence of a lien and privilege for the security of her taxes, but she does not object to or disaffirm the validity or binding force of the privileges and mortgages asserted by other creditors. If the evidence, the absence of which she complains, were in the record, it is very doubtful whether or not she could avail herself of it, to impeach or diminish the demands of which she has made no complaint. *Res inter alios acta.*

In Succession of Reeves, 3 An. 554, a case cited in city's brief, the ·court, in commenting on that article, say: "The interests of *minors and absentees* in probate proceedings have induced our predeces-

sors, on all occasions, to require a compliance with this regulation. on the part of those courts," etc.

In quite a number of cases this article has been examined and construed, the purport of decision being that its object is to *preserve* the evidence of claims placed upon succession accounts, for the benefit of *minors* and *absentees,* so that the right of appeal shall not be embarrassed or abridged. Tompkins vs. Benjamin, 16 La. 200; Graham vs. Graham, 16 La. 203; Desormes vs. Desormes, 17 La. 115; Pargoud vs. Breard, 4 An. 517; Succession of Ross, 21 An. 571; Succession of Dorville, 27 An. 131; Succession of Cloney, 29 An. 328.

But in Succession of Bellocq, 28 An. 154, a case is stated wherein an account had been " homologated in so far as not opposed," and the record disclosed but one opposition to the account, and considering the provisions of the cited article, the court said:

"As the account was homologated without any proof reduced to writing or otherwise, *except as to the creditor who opposed it,* the judgment, *except as to said opponent,* can not be maintained." (Italics ours.)

In Succession of Commageré, 38 An. 834, we had occasion to examine and collate the authorities *pro et con* bearing on the question of what effect is to be attributed to a judgment homologating an account, so far as not opposed, and we held, substantially, that one opponent could take advantage of the opposition of another opponent, which suspended decision of the court in respect to *any and all* items thereon opposed, so as to enable the former to supplement his opposition by including such items as the latter had opposed.

But, in the instant case, all oppositions other than that of the city have been abandoned, or the judgment of homologation acquiesced in, and the city has no effective opposition on which to rest her claim to relief as an ordinary creditor.

In our opinion the judgment appealed from is correct, and it is affirmed.