(96 South. 139)
**AUSTIN v. SNODGRASS, Mayor, et al.**
**(8 Div. 513.)**

(Supreme Court of Alabama. Feb. 8, 1923. Rehearing Denied May 3, 1923.)

Municipal corporations ⚙865(2)—Limit of increase of indebtedness for general purposes unaffected by present indebtedness, being for excepted purpose.

Const. § 225, inhibiting a town of less than 6,000 inhabitants becoming indebted in an amount, including present indebtedness, exceeding 5 per cent. of assessed value of property therein, except for waterworks or certain other purposes, does not allow incurring of debt to a greater amount for general purposes, because of part of the present indebtedness having been incurred for an excepted purpose.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill of D. O. Austin against the Town of Scottsboro, J. D. Snodgrass, as Mayor, and others as councilmen thereof. Decree for respondents, and complainant appeals. Reversed and remanded.

This is a taxpayer's suit in equity to enjoin the issuance and sale of municipal bonds. The bill shows that the town council of Scottsboro, by proper ordinance, submit-

ted to the qualified electors of the town the proposition to issue $25,000 5 per cent., 20-year bonds of the town of Scottsboro for the erection and equipment of a county high school building in Scottsboro. Notice of election was duly published in manner and form required by law. The election was held, resulting in the approval of the proposed bond issue.

The town council on this supposed authority was, at the time of the filing of the bill, proceeding to advertise for bids and negotiate a sale of the bonds. The bill further shows that complainant had sought relief before the council, that his objections and protests had been disregarded, and, unless enjoined, the town council would proceed to sell and issue the bonds for the purpose named.

The chief ground alleged in the bill against the legality of the proposed bonds, and here presented by assignments of error, is that the proposed bond issue will increase the indebtedness of the town of Scottsboro to an amount in excess of the debt limit of the town, under section 225 of the Constitution of Alabama. The facts averred are these:

Scottsboro is a town of less than 6,000 population. It has a present indebtedness exceeding 3 per cent. of the assessed values of the property of the town. This indebtedness was incurred in 1913 and 1915 by the issuance of bonds solely for the construction and extension of a municipal waterworks plant. By the issuance of the proposed bonds the town will become indebted, including present indebtedness, in an amount exceeding 5 per cent. of the assessed value of the property therein. The proposed issue of bonds is less than 5 per cent. of assessed value of property therein. The aggregate indebtedness, including the proposed bonds, will be less than 8 per cent. of the assessed values of the property therein.

A demurrer to the bill was sustained, and, complainant declining to amend, the bill was dismissed. From the ruling on the demurrer and the decree of dismissal, the complainant appeals.

John B. Tally, of Scottsboro, for appellant.

After the general limitation of 5 per cent. is reached, no debt can be created for purposes other than those named. Const. 1901, § 225; Gunter v. Hackworth, 182 Ala. 205, 62 South. 101.

Bouldin & Wimberly, of Scottsboro, for appellees.

The present indebtedness of the municipality is slightly in excess of 3 per cent., created for the construction of a waterworks plant, one of the exceptional purposes; the proposed issue of bonds is 3½ per cent. Hence the proposed issue would not exceed the constitutional limit of 8 per cent. To hold that the limit is made to depend upon the sequence in which debts are incurred would produce an inequality among municipalities, which was not the intention of the Constitution. Gunter v. Hackworth, 182 Ala. 205, 62 South. 101; Moody v. Gunter, 203 Ala. 655, 84 South. 831.

SOMERVILLE, J. The bill of complaint is designed to test the validity of a bond issue by the town of Scottsboro for the erection and equipment of a county high school building.

Section 225 of the Constitution, so far as it is here pertinent, is as follows:

"No city, town, or other municipal corporation having a population of less than six thousand, except as hereafter provided, shall become indebted in an amount including present indebtedness, exceeding five per centum of the assessed value of the property therein, except for the construction of or purchase of water works, gas, or electric lighting plants, or sewerage, or for the improvement of streets, for which purposes an additional indebtedness not exceeding three per centum may be created."

The theory of the bill is that the town of Scottsboro, being already indebted in an amount slightly exceeding 3 per cent. of its assessed property values, can now add no further indebtedness which, with existing indebtedness, would be in excess of the limitation of 5 per cent., and that the proposed bond issue for school purposes, being itself in excess of 3 per cent. of assessed property values, and not within any of the excepted classes of indebtedness authorized in excess of the general limitation, and making an aggregate of indebtedness in excess of 5 per cent.—approximately 6½ per cent.—is inhibited by the constitutional limitation of 5 per cent.

The theory of respondents' demurrer is that the general limitation of 5 per cent. is intended to apply only to general indebtedness; that, if a town has an indebtedness of 5 per cent. or less, a part of which was contracted for any of the exceptional purposes named in the provision, the town may add to its general indebtedness, provided the general indebtedness does not exceed 5 per cent., and provided, further, that the total indebtedness, general and exceptional, does not exceed 8 per cent. The argument is that it can make no difference when the exceptional indebtedness is contracted, whether before or after the authorized general indebtedness; that the Constitution makers could not have intended to allow an additional indebtedness of 3 per cent., for the exceptional purposes named, to those towns which had first contracted a general indebtedness up to the 5

per 'cent. limit, thereby authorizing a total indebtedness of 8 per cent. for those towns, and at the same time to allow a total indebtedness of only 5 per cent. for those towns which had first provided for their exceptional needs, and thereafter proposed to incur additional debts for general purposes.

There is much plausibility, and, indeed, some force, in respondents' contention; and if it were conceded that the purpose of the constitutional provision in question is primarily to place all towns of the same class upon an equality as to permissible indebtedness, the considerations urged might be of controlling importance. But we apprehend that the matter of equality as to permissible indebtedness was not a factor of any importance in the framing of this provision, but that it was rather intended, both as to the general limitation of 5 per cent., and the exceptional extension of 3 per cent. over, for the protection of municipal taxpayers, and for their general welfare' in the acquisition and enjoyment of the exceptional improvements allowed for, in cases where they have not been provided.

To give to section 225 the construction suggested by respondents would do violence to the plain and natural meaning of its language. As written, it clearly declares that the only permissible indebtedness, after 5 per cent. has been reached, is for the several exceptional purposes specified. We cannot, by syntactic jugglery, invert its structure and reverse its terms so as to make them yield another meaning. Our judgment is that section 225 of the Constitution, as for its provisions for towns of less than 6,000 population, clearly inhibits any indebtedness in excess of 5 per cent. of their assessed property value, unless such excess is for one or more of the exceptional purposes specified, and that this inhibition is not affected by the fact that all or any part of the existing indebtedness may have been incurred for those exceptional purposes. The conclusion is that, on the showing of the bill, the town of Scottsboro is without authority to incur the proposed indebtedness for school purposes, and that the bond issue in that behalf would be illegal and wrongful.

There is equity in the bill, and in the aspect above discussed it was not subject to demurrer. We need not discuss the other questions presented by the bill and the demurrer, since on remandment the bill can be so amended as to eliminate all features other than the single one above discussed.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes