(103 So. 532)

No. 24872.

### Succession of GREENE.

(Feb. 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⬅509(10)— **If judgment homologating administratrix's account set aside, judgment discharging her also set aside.**

If a judgment homologating the final account of an administratrix is set aside, it is a finding that such administratrix has not discharged her duty fully, and hence a judgment discharging her will have nothing upon which to rest, and must necessarily also be set aside.

2. **Time** ⬅8—**What is sufficient notice of filing of administratrix's final account before it may be homologated, stated.**

Rev. Civ. Code, art. 1064, and Act No. 104 of 1878, requiring that before administratrix's account may be legally homologated 10 days' notice of its filing must be given, merely requires notice to be published in the daily paper on three different days, within a period of 10 days, and at least 10 days must intervene between the day of first advertisement and day on which account is homologated, but it does not require lapse of 10 days between first and last appearance of notice.

3. **Courts** ⬅202(5) — **Evidence adduced at hearing in probate matters must be reduced to writing and annexed to record.**

Under Code Prac. art. 1042, in probate matters evidence adduced at hearing must be reduced to writing and annexed to record.

4. **Appeal and error** ⬅515(1) — **Stenographer's notes considered as part of record, though not indorsed as filed by clerk of trial court.**

Where stenographer delivered transcription of notes taken on homologation of administratrix's final account to clerk signed by him officially to be placed in record, which notes were then made part of transcript on appeal, *held* that such transcript will be considered as part of record, though not indorsed as filed by clerk of trial court.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Final accounting of the administratrix of the succession of Mattie L. Greene. From judgments homologating such account, and discharging administratrix, Mrs. Lena Tully appeals. Affirmed.

W. O. Hart, of New Orleans, for appellant Mrs. Lena Tully.

Dart & Dart, of New Orleans, for administratrix.

OVERTON, J. The administratrix of the succession of Mattie L. Greene filed her final account in said succession on April 18, 1921. No oppositions were filed against the account, and on May 2, 1921, judgment was rendered homologating it, and a few days afterwards another judgment was rendered discharging the administratrix and canceling her bond. On May 30, 1921, Mrs. Lena Tully, who had not been placed as a creditor on the account filed by the administratrix, and who had made no opposition thereto, filed an affidavit setting forth that she was a privileged creditor of said succession, and intended to appeal from both of said judgments, and on June 30, 1921, an appeal was granted her from both of them, returnable to this court.

[1] Appellant directs her attack primarily against the judgment pronounced, homologating the account, resting her case as to the judgment rendered, discharging the administratrix, upon the ground that, if the former is reversed, it follows that the latter also must be vacated. In this the appellant is correct, for, if the first judgment should be set aside, then it will appear that the administratrix has not discharged her duty fully, and hence the judgment discharging her will have nothing upon which to rest, and for that reason will have to be set aside. The real question therefore to be decided is, should the first judgment, the one homolgating the account, be reversed?

One of the reasons assigned by appellant why that judgment should be set aside is that notice of the filing of the account was not given according to law.

[2] The law requires that, before such an account may be legally homologated, 10 days' notice of its filing must be given. Rev. Civil Code, art. 1064; Succession of Miller, 107 La. 561, 32 So. 80. This notice is given by publication, according to the rules provided for judicial advertisements. Such advertisements, that is, judicial ones, in the parish of Orleans, are regulated, in so far as relates to the question here involved, by Act 104 of 1878, which provides:

"That judicial advertisements shall be made by publication in a daily paper on three different days before the expiration of the term fixed by law. if the term be of ten days; and for those advertisements for which the term of thirty days is fixed, it suffices if they are published in a daily paper once a week during that term."

The notice of the filing of the account, in the case at bar, appeared in the New Orleans States, a daily newspaper, in its issue of April 19, 23, and 28, 1921, and, as we have already said, the account was homologated on May 2, 1921. However, appellant contends that 10 days should have elapsed between the first and last appearances of the notice, and, as they did not, that the notice given was insufficient. Appellant cites in support of her position M'Donough v. Gravier, 9 La. 532, and Schenk v. Schenk, 52 La. Ann. 2102, 28 So. 302. These cases involved the question of the legality of advertisements for the judicial sale of property. Appellant contends that it was held in them that 30 days must elapse between the first advertisement for the judicial sale of immovable property and the last advertisement therefor, and by analogy reasons that 10 days must elapse between the publication of the first notice of the filing of the account and the last notice. However, appellant has misinterpreted those decisions. What was held in the M'Donough Case was, not that 30 days must elapse between the appearance of the first advertise-ment and the last one, in the judicial sale of immovable property, but that 30 clear days must elapse between the appearance of the first advertisement and the day of sale; and in the Schenk Case the ruling of the M'Donough Case was approved. Hence those cases do not support appellant's position, even by analogy. To the contrary, we think that they rather militate against it. What the law requires with respect to the publication of the notice of the filing of an account, whether final or provisional, in a succession, in the parish of Orleans, is that the notice be published in a daily paper, on 3 different days, within a period of 10 days, and what the law requires, with respect to the time at which such an account may be homologated, is that not fewer than 10 full days must intervene between the day of the first advertisement and the day on which the account is homologated. Rev. Civil Code, art. 1064; Act 104 of 1878; Succession of Miller, 107 La. 561, 32 So. 80. In this case the administratrix complied with the law in these respects.

[3] Another and the last ground urged why the judgment homologating the account should be vacated is that the record contains no transcript of the evidence adduced on the trial, if any was adduced. It does not admit of question that, in probate matters, the evidence adduced at the hearing must be reduced to writing and annexed to the record. Code of Practice, art. 1042; Graham v. Graham, 16 La. 201; Desormes v. Desormes, 17 La. 111; Succession of Francois Bellocq, 28 La. Ann. 154; Succession of Girarde, 44 La. Ann. 543, 10 So. 851.

In the case at bar, when the transcript of appeal was filed in this court, and at the time appellant filed her first brief, the record contained no note of the evidence adduced on the homologation of the account, and it is clear that appellant and her counsel, who were strangers to the proceedings conducted, had no knowledge of any. However, 2 days

after appellant filed her first brief the appellee addressed a petition to this court, representing that evidence had been taken for the homologation of the account, and had been reduced to writing, and prayed that a writ of certiorari issue, directed to the clerk of court, ordering him to forward the evidence taken to this court. A rule nisi was granted, and, in response to it, the clerk made return showing that the evidence taken on the homologation of the account had never been filed of record in his office, and that he had caused the official stenographer to transcribe the evidence taken, and that he forwards it, as part of his return, to this court. An order was then granted by us making the evidence a part of the transcript of appeal.

[4] Appellant now contends that the transcript of the evidence forwarded to this court by the clerk of the lower court cannot be considered by us, because it has never been filed in the lower court, and she cites in support of her position Ford v. Brooks, 35 La. Ann. 151 and Hann v. Ruse, 35 La. Ann. 728. In the Ford Case it was held by the majority of the court, Mr. Justice Todd and Mr. Justice Fenner dissenting, that it was necessary that a motion to dismiss an appeal should be marked "Filed" by the clerk of this court before it could be considered as part of the record, and the failure to see that it was so marked was held fatal to the consideration of the motion. In the Hann Case, in passing upon whether an attachment bond could be identified with the case in which the attachment issued, the court, in stating the facts which rendered it uncertain whether the bond could be identified with the case, mentioned, among them, the fact that the bond had not been filed with the suit, that is, that it had not been marked by the clerk in any manner that would identify it with the suit; but the court did not there hold that filing the bond, in the usual manner and form, was the only method of identifying it with the record. On the other hand, in Wheeling Pottery Co. v. Levi, 48 La. Ann. 777, 19 So. 752, where it appeared that the clerk had failed to indorse a petition to compel a surrender of property, as filed, and where the trial judge had acted on the petition, treating it as filed, it was held that the failure of the clerk, in that respect, was not fatal to the proceeding, the court saying, in substance, that, while the filing of a document in the usual form is the best evidence that the document constitutes part of the record, still it is not always and under all circumstances the only evidence which will prove that a petition forms part of the record. And in the case of State v. Mitchell, 153 La. 585, 96 So. 139, it was held, quoting from the syllabus, that—

"Where [an] order appointing [a] jury commissioner was received by [the] clerk for filing but misplaced, and not marked 'filed,' the omission was not fatal, as the * purpose of such marking is to show that [the] document is part of [the] archives, and this may be shown by other evidence."

While the Ford Case is apparently in conflict with the last two cases cited, yet in all probability these cases may be reconciled in principle, but we do not find it necessary to reconcile them here. It is sufficient to say that there are instances where the failure or omission to mark a document as filed is not fatal to its being considered a part of the record. We may also say that we know of no law requiring evidence taken on the trial of a cause, in shorthand, by the official stenographer, and later transcribed by him, to be indorsed as filed by the clerk, to make it part of the record, though it may be better practice to so mark it. It is sufficient, we think, for the stenographer to deliver the transcript of his notes to the clerk, signed by him officially, to be placed in the record. The mere certificate of the stenographer to the notes, which show in their caption the number and title of the case, in which they were taken, are sufficient to show that they

are a part of the record, and the fact that the clerk forwarded them to this court, as the notes taken, when the account was homologated, shows that he received them officially from the stenographer as the notes of evidence taken at the hearing. Our conclusion is that the notes should be considered a part of the record.

Appellant takes the position that the notes, if considered by us, are meager, and are wholly insufficient upon which to affirm the judgment. Our examination of them satisfied us that the evidence adduced for the homologation of the account fully upholds the judgment rendered.

The judgments appealed from are therefore affirmed; appellant to pay the costs.