(106 So. 835)

No. 25624.

Succession of PADIN.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Time** ⟨⟩8—Requirement as to publication of administrator's provisional account stated.

Under Civ. Code, art. 1064, and Act No. 104 of 1878, administrator's provisional account need only be advertised by three publications within 10-day period between day of first publication and day of homologation; lapse of 10 days between days of first and last publications being unnecessary.

2. **Executors and administrators** ⟨⟩506(3)— Succession; want of opposition to item of administrator's account is sufficient corroboration of testimony as to correctness thereof.

Want of opposition to an item on administrator's provisional account in excess of $500 is sufficient corroboration of administrator's sworn statement that it is correct, under Civ. Code, art. 2277.

3. **Executors and administrators** ⟨⟩503—Succession; administrator not required to file vouchers for disbursements made with provisional account.

Administrator filing provisional account for homologation is not required to file vouchers for disbursements made by him; such payments having been made in anticipation of homologation and at his peril.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

In the matter of the succession of Albert Padin. From the judgment homologating the provisional account of the administrator, Mrs. Carmelite Padin appeals. Affirmed.

W. O. Hart, of New Orleans, for appellant.

H. W. Robinson, of New Orleans, for appellee.

OVERTON, J. Albert Padin died in the city of New Orleans on February 6, 1921. His succession was opened, and an administrator thereof was appointed. The administrator, in due course, filed a provisional account of his administration, showing cash on hand for distribution, exceeding $2,200, and liabilities, alleged to be due by the succession, exceeding $2,000. Notice of the filing of the account was given by publication. Only one opposition to the account was filed, and that opposition was one filed by Michel Padin, and was for the sole purpose of having said Padin carried on the account as a creditor of the succession for $55.55. On the eleventh day after the first publication of the notice of the filing of the account, the account, in so far as not opposed, was taken up for homologation. Evidence of the publication of the notice of the filing of the account was offered, and of the correctness of the account itself, and the court, after that evidence had been adduced, rendered judgment, homologating the account, in so far as it was not opposed.

Mrs. Carmelite Padin, wife of W. F. Kentzel, who is an heir of the deceased, and who filed no opposition to the account, appealed from the judgment homologating it. Her first complaint, to quote from her brief, is that:

"The account was advertised but eight days, when according to the law in such cases made and provided the advertisement must be for ten days and in the Succession of Miller (or Pohlman) 107 La. 561, 32 So. 80, the court said:

'In the publication of the ten days' notice of the filing of the tableau of the administrator of a succession, neither the first nor the last days of the publication can count.' The publication in this case was made July 20th, 24th, and 29th, which, excluding the first and last days, leaves but eight days' advertisement, and therefore was insufficient."

Appellant is correct in her statement when she says that notice of the filing of the account was published on July 20th, 24th, and 29th. To this statement we may add the date of the homologation of the account, which was July 31st. Appellant is also correct when she says that notice of the filing of the account must be advertised for 10 days. Civil Code, art. 1064; Succession of Miller, Wife of Pohlman, 107 La. 561, 32 So. 80; Succession of Greene, 158 La. 123, 103 So. 532.

[1] Appellant, however, is in error when she takes the position that, in order to have the 10 days' advertisement required by law, 10 days must intervene between the first and last publication of the notice. Such is not the law. The publication of a notice of this description is a judicial advertisement, and, when made in the parish of Orleans, is governed by Act 104 of 1878. This act reads:

"That judicial advertisements shall be made by publication in a daily paper on three different days before the expiration of the term fixed by law, if the term be of ten days; and for those advertisements for which the term of 30 days is fixed, it suffices if they are published in a daily paper once a week during that term."

There is nothing in this act, that act being the law governing the matter, that requires, or even suggests, that 10 days must intervene between the first and last publications required, when the term is 10 days. To the contrary, what the law requires, in order to make the advertisement one of 10 days, is that the publication be made on three different days before the expiration of the term required by law; that is, before the expiration of 10 days. Succession of Greene, 158

160 LA.—8

La. 123, 103 So. 532; Zibilich v. Rouseo, 157 La. 952, 103 So. 269.

Nor is appellant correct when she takes the position that, in the Succession of Miller, 107 La. 561, 32 So. 80, this court held that:

"In the publication of the 10 days' notice of the filing of the tableau of the administrator of a succession, neither the first nor the last day of the publication can count."

What the court held in that case was:

"As the notice is in the nature of a citation, the doctrine of the case of Catherwood v. Shepard, 30 La. Ann. 677, applies, and neither the first nor the last of the 10 days can count. The notice of the filing of the account in this case was published the first time on the 1st of April in the English language, and on the 2d of April in the French language, and the account was homologated on the 12th. The homologation was therefore one day too soon. * * * *"

While the court said in the foregoing excerpt that "neither the first nor the last of the 10 days can count," yet it meant by this expression, as shown by what follows it, that neither the day of the first publication of the notice should be counted nor the last of the *10 days' delay* for filing oppositions to the account in response to the notice. Appellant has been misled by relying on a part of the syllabus of that decision, in which the expression relied upon by her is found.

Ten days must intervene, not between the day of the first publication and the day of the last one, but between the day of the first publication and the day of the homologation. As stated in the Succession of Greene, supra:

"What the law requires with respect to the publication of the notice of the filing of an account, whether final or provisional, in a succession, in the parish of Orleans, is that the notice be published in a daily paper, on three different days, within a period of 10 days, and what the law requires, with respect to the time at which such an account may be homologated, is that not fewer than 10 full days must intervene between the day of the first advertisement and the day on which the account is homologated. Rev. Civil Code, art. 1064; Act 104 of

1878; Succession of Miller (or Pohlman) 107 La. 561, 32 So. 80."

.In the case at bar, as notice of the filing of the account was published in a daily newspaper on 3 different days, to wit, on July 20, 24, and 29, 1922, the notice was properly published, and as the account was homologated on July 31, 1922, 10 full days intervening between the day of the *first publication* and the day of *the homologation,* the account was not prematurely homologated.

[2] The second contention of appellant is that the proof of the correctness of the account is insufficient. The administrator was sworn as a witness on the homologation of the account, and asked to examine it and state whether the various items, disbursements, and proposed disbursements shown thereon were correct. He answered that they were all correct. However, one of the items on the account is for an amount exceeding $500, and appellant invokes article 2277 of the Civil Code, which provides, among other things, that contracts for the payment of money, exceeding $500, must be proved by at least one credible witness and corroborative circumstances. The fact that this item was not opposed, when the account was taken up for homologation, was of itself a sufficient corroborative circumstance of the correctness of the item, which, taken in connection with the evidence of the witness, was sufficient to authorize judgment on it, and, of course, on the remaining items of the account. See Succession of Rabasse, 50 La. Ann. 746, 23 So. 910.

[3] It was not necessary, as contended for by appellant, that the administrator should have filed vouchers for disbursements made by him, when the account, which was only a provisional one, was taken up for homologation. This is so, because all payments made by him prior to the homologation of the account were made in anticipation of the homologation, and it was unnecessary, therefore, that he make proof of the fact that he had made the payments, when the account was taken up for homologation; the payments having been made at his peril.

The judgment appealed from is therefore affirmed, appellant to pay the costs.

ROGERS, J., recused.

ST. PAUL, J. I concur in this opinion, because it accords with the uniform later jurisprudence. But I confess that this later jurisprudence seems to me not in accord with the plain provisions of law. C. P. art. 318. And see Fowler v. Smith, 1 Rob. 448.