LAND, J.
 

 Suit No. 31173 is the main suit. Suit No. 31178 contains only the motions and appeal bonds of Diem
 
 &
 
 Wing Paper Company and E. C. Palmer Company.
 

 Samuel
 
 Walter Taylor died in
 
 the
 
 city of
 
 New Orleans, December 6, 1928. Walter A.
 
 *1102
 
 Taylor, administrator of his estate, filed a provisional account on October 31, 1929. Notice of the filing of this account was published according to law, and in November, 1929, Diem & Wing Paper Company, E. C. Palmer Company, and New Orleans Bank & Trust Company, creditors of the succession of-decedent, filed oppositions to the provisional account.
 

 On February 11,1930, these creditors united in a joint petition and opposed the account on additional grounds, and requested that an accountant be appointed to examine the books of the administrator, and to report thereon in writing, on the ground that the provisional account filed by the administrator did not reflect accurately or completely the financial status of the estate. The accountant was appointed March 7, 1930.
 

 On August 26, 1930, the report of the accountant or auditor was filed in the court below.
 

 On November 4, 1930, the administrator filed his final account, based on the auditor’s report, without having any disposition made of the oppositions filed against his provisional account.
 

 Notice of the filing of the final account was published in the New Orleans Daily States on the 6th, 10th and 15th of November, 1930.
 

 On November 17, 1930, the final account was homologated, after amendment as to some errors of calculation, no opposition having been made to the account up to that date.
 

 From the judgment of homologation, the three opponents to the provisional account have taken devolutive appeals.
 

 It is contended by the opponents that the homologation of the final account on Monday, November 17, 1930, was premature, in that it was one day too soon. The ten days immediately preceding November 17th consisted of November 7, 8, 9, 10, 11, 12, 13-, 14, 15, 16. November 16th, tbe tenth day, was a Sunday, a legal holiday, and, under well-settled jurisprudence, the whole of the next day, November 17th, was allowed to opponents within which to oppose the final account. Meyer v. Bichow, 133 La. 975, 979, 63 So. 487; John H. Catherwood & Co. v. William H. Shepard, 30 La. Ann. 677; State v. Judge, 24 La. Ann. 333.
 

 It is no longer an open question that ten clear days must intervene between the day of the first advertisement and the day on which the account is homologated. In the Succession of Greene, 158 La. 123, 126, 103 So. 532, 533, we said: “What the law requires with respect to the publication of the notice of the filing of an account, whether final or provisional, in a succession, in the parish of Orleans, is that the notice be published in a daily paper, on 3 different days, within a period of 10 days, and what the law requires, with respect to the time at which such an account may be homologated, is that not fewer than 10 full days must intervene between the day of the first advertisement and the day on which the account is homologated. Rev. Civil Code, art. 1064; Act 104 of 1878; Succession of Miller, 107 La. 561, 32 So. 80.”
 

 It has been squarely decided that a judgment homologating an administrator’s account and tableau, before the expiration of the legal delay, is a nullity. Succession of E. Cordeviolle, 23 La. Ann. 297.
 

 In E. J. Hart & Co. v. John Nixon & Co., 25 La. Ann. 136, it is also said: “A defendant is allowed ten days after service of petition and citation in which to answer the demand which is made against him.
 

 “ ‘In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires are included.’ C. P. 180.
 

 
 *1104
 
 “Plaintiff was not entitled to a default until the twelfth of June. Fowler v. Smith, 1 Rob. 448.
 

 “ ‘A judgment by default taken on the fifth day after service of citation on the defendants and afterwards confirmed, is illegal and null.’ Arthur and another v. Cochran, Tutor, 12 Rob. 43.
 

 “ ‘A judgment by default, made final in eight days after service of citation, must be reversed.’ Williams v. Dunn, 2 La. Ann. 806.”
 

 The ten days’ notice to creditors, required by article 1064 of the Civil Code, to show cause why they should not be paid conform-ably with the authorization solicited by the administrator, or according to the tableau of distribution by him presented, is in the nature of a citation, and the above decisions relative to citation are therefore applicable to the present ease.
 

 The so-called “provisional account” and the oppositions thereto have passed out of the case, in our opinion. It is not an administrator’s account in any proper sense of that term. It contains only an itemization of receipts and disbursements; it does not show the status of the estate nor the operations of the administrator ; nor does it propose a distribution of funds on hand. At best, it is but an inaccurate and unintelligible document, and was so characterized by opponents in their application to have an accountant appointed to present to the court an accurate report as to the assets and liabilities of the estate of the late Samuel Walter Taylor.
 

 It required seven months- for the accountant to complete his work and file his report.
 

 When the administrator filed his final account and tableau of distribution, it was prepared from the report of the expert appointed by the court, and all of the asSets of the estate had been sold by the civil sheriff for the parish of Orleans and reduced to cash.
 

 The necessity for a provisional account no longer existed, and the oppositions filed against it fell with the provisional account itself.
 

 It is therefore ordered that the judgment appealed from, homologating the final account of the administrator in this case, be annulled and set aside.
 

 It is now ordered that this case be remanded, to enable opponents to file their oppositions to the final account of the administrator filed herein, within ten days from the entry of this judgment in the minutes of the lower court, so that these oppositions may be tried and disposed of according to law and in due course.
 

 It is further ordered that the succession of decedent pay the costs of this appeal.