## No. 2822.

### E. J. HART & Co. *v.* JOHN NIXON & CO.

Where a judgment by default was entered before the delay required by law had expired, it will not be maintained as valid on the ground that it was not made final until after the usual delays and that the defendant, having thereby suffered no injury, can not complain.

The words "ordinary course of practice" mean that the course which is positively commanded by the law shall be pursued.

There is no difference between entering a default a day too soon and confirming a default a day too soon. One delay is as imperative as the other.

There is no issue joined when the judgment by default has been improperly entered, and the judgment in confirmation has nothing to rest upon.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. H. J. Leovy* and *F. A. Monroe,* for plaintiffs and appellees. *Hays & New,* for defendants and appellants.

Justices concurring: Ludeling, Taliaferro, Morgan and Wyly.

MORGAN, J. Plaintiffs sue the firm of John Nixon & Co., composed of John Nixon, Jr., and William S. Parham, for $13,989 13, for goods sold and delivered.

Before the institution of this suit the firm of Nixon & Co. was dissolved. Nixon alone was personally cited.

The petition was filed on the first of June, 1869; citation issued on

the same day; service was made on the same day. On the eleventh of June default was entered against John Nixon and John Nixon & Co., and on the sixteenth of June the default was confirmed. On the fourth of April, 1870, Jennie C. Nixon, "administratrix of the succession of John Nixon, deceased," applied for and obtained an appeal from the judgment rendered, as above set forth. .

A defendant is allowed ten days after service of petition and citation in which to answer the demand which is made against him. " In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires are included." C. P. 180. Plaintiff was not entitled to a default until the twelfth of June. Fowler v. Smith. 1 Rob. 448.

" A judgment by default taken on the fifth day after service of citation on the defendants and afterwards confirmed, is illegal and null." Arthur and another v. Cochran, Tutor, 12 R. 43.

" A judgment by default, made final in eight days after service of citation, must be reversed." Williams v. Dunn, 2 An. 806.

The appellees admit that in the ordinary course of practice the judgment by default could only have been rendered on the twelfth of June, but they contend that inasmuch as this judgment by default was not confirmed until the sixteenth of the month, the appellant has suffered nothing and can not, therefore, complain. They also contend that there is a difference between entering a default a day to soon and confirming a default a day before it is due.

But it seems to us that "the ordinary course of practice" means that course which it is positively commanded by the law shall be pursued, and that when the law says that a default may be entered against a person who has been regularly cited and who has made no answer ten days after citation, it not only does not allow but will not permit a default to be taken nine days after citation, any more than it would one day thereafter. Neither do we see any difference between entering a default a day too soon and confirming a default a day too soon. One delay is as imperative as the other. The default can not be entered until after the full expiration of the tenth day after citation; the default can not be confirmed until after the full expiration of two days after the default has been entered; one follows the other, and both are regulated by the same law as to time.

The default having been improperly entered there was no issue joined when the judgment was rendered. There was nothing, therefore, for the judgment to rest upon.

It is therefore ordered, adjudged and decreed that the judgment of the court below be avoided, annulled and set aside, and that the case be remanded to be proceeded in according to law. Appellees to pay costs of appeal.