No. 6740.

J. M. TUPERY vs. T. M. EDMONDSON.

In counting the ten days delay within which the bond for a suspensive appeal from a judgment of a lower court must be filed, neither the day on which the judgment is signed, nor Sundays, nor the day on which delay expires, is to be included.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*Emile Legendre* and *Victor Olivier, Jr.*, for plaintiff and appellee.
. *Edward Phillips*, for defendant.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

EGAN, J: The appellee moves to dismiss this appeal because the bond was not filed within ten days as required by law. The judgment was signed on the eighteenth of June, 1877, and the bond filed on the thirtieth of the same month. One Sunday was included in this time. We held in the case of the State ex rel. Mercier vs. the Judge of the Superior District Court, 29 An. 224, that by the express textual provision of the Code of Practice, article 575, Sundays are excluded in the count of the time within which the appeal is to be taken, and that the provision of article 318 C. P., "but in all cases where delay is given either to do some-

thing or to answer neither the day of serving the notice nor that on which the act is to be done or the answer filed are included" applies to taking appeals. The law and the courts do not favor the dismissing of appeals. Omitting from the count in this case the day the judgment was signed, the intervening Sunday, and the day the bond was filed, it is in time.

The motion to dismiss is overruled.