## No. 10,203.

40 793
f118 970

### THE STATE EX REL. J. B. SOLARI VS. T. C. W. ELLIS, JUDGE.

Under the construction placed in jurisprudence on the provisions of Article 318 of the Code of Practice. Rule 29 of the Civil District Court of the Parish of Orleans, which provides that appeals from City courts must be filed before the expiration of the tenth day after the bond of appeal has been filed in the City Court, must be construed so as to exclude in the computation of the time, the day on which the bond has been filed as well as the day on which the transcript was required to be filed in the appellate court, under the rule.

There is no perceptible or substantial difference between Rule 29 of the Civil District Court and Section 2093 of the Revised Statutes of 1870. In dealing with rules of practice the Supreme Court will follow judicial precedents, with a view to the uniformity of such rules.

APPLICATIONS for Certiorari and Mandamus.

*E. Howard McCaleb* for the Relator :

1. Sections 2079. *et seq.*, R. S. 1870, providing for appeals from judgments rendered by justices of the peace in the Parish of Orleans, were not repealed by the adoption of the Constitution of 1879. They remained in a condition of *innocuous desuetude* until quickened into life by the Constitutional Amendment of 1884. Like Arts. 857 and 858, C. P., regarding the writ of certiorari, or the State insolvent laws, during the existence of the bankrupt act, the operation of these laws was suspended, but they were not repealed. 117 U. S. 201. Hence Sec. 2093, R. S., is the law governing the time within which the record of appeal must be filed in the appellate court.

2. City courts, under the new system, took the place of justices of the peace in the Parish of Orleans under the old system. Sec. 7, Act 45, of 1880 ; Act 22, of 1888, and Act 129, o f 188. ; 33 A. 146 ; 33 A. 419.

3. Sundays must be excluded from the computation in ascertaining which was the *tenth* day after the filing of the bond of appeal. *Dies dominicus non est juridicus.* 9 A. 371 ; 124 U. S. 131 ; 6 Rob. 18 ; 463.

4 In determining whether the record was filed within ten days after filing of the bond (R. S. 2093, Rule 29 Civil District Court), both the day on which the bond was filed (i. e., June 11th), and the day on which the transcript was deposited in the clerk's office of the Civil District Court (i. e., June 22d), must be excluded (C. P. 318, R. C. C. 2059), and this done the appeal was seasonably perfected. The phraseology of Sec. 2093 is identical with Art. 575, C. P., and the decisions are uniform that it takes eleven days to make ten full days in matters of appeal, because the last day is not counted. 29 A 224; 29 A. 850 ; 25 A. 136 ; 30 A. 677.

*Henry P. Dart* for the Respondent.

The opinion of the Court was delivered by

POCHÉ, J. The complaint in this case is that the respondent judge erroneously dismissed an appeal brought to his court by relator from one of the city courts.

The ground of the dismissal was that the appeal had not been completed in time under Rule 29 of the Civil District Court, which reads as follows :

"In any case appealed from a city court, the record must be filed in this Court before the expiration of the tenth day after filing the bond in the court *a qua*, unless such tenth day should fall upon a holiday, in which event the appellant shall be entitled to the whole of the next succeeding day upon which the clerk's office may be open for business within which to file such record."

It appears from the record that the appeal bond was filed in the city court on the 11th of June, and that the transcript was filed in the appellate court on the 22d of the same month.

Relator's main contention is that under the provisions of Art. 318 of the Code of Practice, as construed in our jurisprudence, his appeal was seasonably brought up, because the day on which his bond was filed, and the day on which the transcript was to be filed, under the rule, should not be counted.

The article of the Code provides that "in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included."

If that provision governs the case, the appeal is saved.

The respondent concedes this conclusion if the question is to be controlled by Sec. 2093 of the Revised Statutes of 1870, which was the law regulating appeals from justice's courts, under the judiciary system which had been established by the Constitution of 1868; but his contention is that the section is necessarily inconsistent with, and was therefore abrogated by, the present Constitution, under which justices" courts, and the tribunal which was then their exclusive appellate court, have both ceased to exist. That section reads as follows:

"All appeals from judgments of the justices of the peace, returnable to the Third District Court, shall be made within ten days after the bond of appeal shall be filed in the office of said justice of the peace."

As we are unable to discover any difference between a rule which requires the performance of an act *within ten days* of a given time, and a rule which requires the same thing to be done "*before the expiration of the tenth day*" of the same time, we cannot make the distinction which is the basis of the respondent judge's conclusions in his ruling complained of. If the appeal was filed *within ten days* after the date of filing the appeal bond in the city court, the act must, in the nature of things, had been done, *before the expiration of the tenth day*, or otherwise it would have been *after*, and not *within*, ten days.

Under these views it becomes unnecessary for the purposes of this case to judicially determine whether the section has been abrogated or

not. It is substantially reproduced in the rule of court under consideration which was evidently predicated thereon; the only change made being in the use of different words, conveying the same meaning.

From the circumstance that the supervisory jurisdiction now vested in this Court did not exist under any previous constitution of this State, it follows, and it appears, that the provisions of Sec. 2093 R. S., have never been construed by this Court, and the proper interpretation of the same provision, as now incorporated in Rule 29 of the Civil District Court, comes up in this case for the first time since the adoption of the constitutional amendment (1884) which vested that court with appellate jurisdiction over city courts.

But we are not without judicial precedents in our present investigation, as we find several decisions of this Court which give an interpretation of the rule in Art. 318 of the Code of Practice as applicable to an analogous provision of law incorporated in Art. 575 of the same Code, which declares that execution of a final judgment is stayed if an " appeal has been taken *within* ten days " after said judgment.

It has been held that in computing these ten days, the day on which the judgment was signed, and the day on which the appeal is taken, should not be included.

Thus in the case of Garland vs. Holmes, 12 Rob. 421, it appeared that the judgment had been signed on the 20th of December, 1855, and the appeal was taken only on the 2d of January following, making an actual interval of thirteen days, but after excluding two Sundays, and ruling that the day on which the judgment had been signed and that on which the appeal had been taken should not be included, the court held that the appeal had been taken within ten days after the judgment had been signed.

That case was followed under similar circumstances in State ex rel. Mercier vs. Judge, 29 Ann. 224, and subsequently in Tupery vs. Edmondson, 29 Ann. 850.

Without expressing our opinion on the subject, if the question was *res nova,* we conclude that the decisions above referred to, in the construction therein adopted of the application of Art. 318 of the Code to expressions precisely similar in Art. 575, have acquired the force of the rule *stare decisis,* and that they must control our ruling in the present controversy. To be efficient, rules of practice must be unequivocal, and hence they must be uniformly expounded.

Thus concluding, we hold that relator's appeal had been seasonably brought up, and that there is error in the judgment of dismissal.

It is therefore ordered that the alternative writ of mandamus herein granted be made peremptory, and that the respondent judge be commanded to entertain, and to pass on the merits of, the appeal taken in the case of Thos. Sully & Co. vs. J. B. Solari from the Fourth City Court of the Parish of Orleans, and that relator recover his costs in this proceeding.