Font et als. vs. Land and Improvement Company.

No. 11,613.

GEORGE FONT ET ALS. VS. GULF STATE LAND AND IMPROVEMENT COMPANY.

The application to remove a cause from the State to the Circuit Court of the United States is too late if filed after the delay given defendant to except or answer. Act of Congress 13th August, 1888; 25 Statutes at Large, 425, Sec. 3; 138 U. S. 298.

The delay for filing the exception or answer of the defendant is at an end ten days after citation, not counting the day on which citation is served. C. P., Arts. 180, 310; 25 An. 136.

A sale by authentic act has full effect between the parties unless a counter letter is reserved and is conclusive on all except forced heirs and creditors. C. C. Art. 1993; 11 La. 424; 9 Rob. 28; 2 H. D. 1034, No. 1, et seq.

Hence a purchaser at a tax sale under an assessment against one having no title can not, when sued by the owner, dispute his title on the ground it is simulated; whether simulated or not, it binds all except heirs or creditors of the vendor. Ibid.

An assessment against the owner and notice to him is requisite to pass title by a tax sale made under the revenue act No. 85 of 1888. Constitution, Art. 210; 33 An. 1162; 43 An. 426; 44 An. 912; 45 An. 1109; 46 An. 403.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

Thomas H. Thorpe and Gus A. Breaux for Plaintiffs, Appellees.

W. S. Benedict, Percy S. Benedict and Robert G. Dugué for Defendant, Appellant.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, heirs of Louis F. Bundy, bring the petitory action for land acquired by him in 1837. The defendant, a Mississippi corporation, claimed the removal of the suit to the United States Circuit Court, which application being denied by the lower court, the defendant, under reservation of his asserted right to remove, filed an answer. There was judgment of the lower court in plaintiffs' favor and defendant appeals.

It is urged the lower court erred in refusing the removal. The act of Congress on this subject requires that the defendant entitled to such removal must make the application at or before the time the plea or answer is due. The Supreme Court of the United States has held that compliance with this act by the defendant as to the time of

Font et als. vs. Land and Improvement Company.

the application is necessary to give jurisdiction to the Circuit Court, so that neither consent, the extension of time, nor failure of plaintiff to take a default, will serve as the equivalent of the requirement of the act. If not made at or before the plea or answer is due, the application comes too late. The defendant under our Code of Practice has ten days after service of petition to except or answer. In computing the delay, neither the day of the service of citation nor that on which the delay expires is counted. In this case the citation was served on the 9th April, the ten days expired on the 19th and the default was taken on the 20th. The application to remove was made on the 23d. We note the contention that the 20th is not to be counted, because it is claimed the delay expired on that day. If it did, it would not avail defendant, not making the application till the 23d. The day the delay expired, in our view, was the 19th; the 20th was no portion of the delay. The lower court, we think, ruled correctly in refusing the removal. Act of Congress 13th August, 1888, Sec. 3; 25 Statutes at Large, p. 434; Kansas R. R. vs. Daughtry, 138 U. S. 298; Code of Practice, Arts. 180, 310; Hart vs. Nixon, 25 An. 136.

The defendant's answer is a denial of plaintiffs' claim of ownership, coupled with the averment that the title from Green to Louis F. Bundy, the basis of plaintiffs' suit, was simulated, and had been so decreed in a suit between plaintiffs or their ancestor Bundy and his vendor Green and George H. Brown. It is further averred that Green, his widow and Brown have always been in possession of the property, and none ever was taken by Bundy or his heirs. The answer then sets up a tax title, under an assessment against Brown, avers payment of taxes, and in the event of eviction prays reimbursement of the price paid at the tax sale and taxes.

The plaintiffs exhibit in support of their claim a title from John Green to Louis F. Bundy, of date 16th of December, 1837, of the ten lots on State street in controversy. The defendant, purchasing at a tax sale of the property made in 1892 under the assessment in the name of George W. Brown, claims to be entitled, in order to maintain its title, to show that the conveyance to Bundy was a simulation. This contention that the holder of a tax title, not a creditor or heir of John Green, can attack his conveyance to Bundy, made over half a century since, is that on which defendant mainly relies.

The lower court excluded, on the objection of plaintiffs, certain acts of sale and the judicial record of the suit of the heirs of Bundy

18

against John Green, including his answer to interrogatories on facts and articles. This documentary evidence comes up with the bill. We are not informed by the offer or by the argument of the connection with this case of this documentary evidence. The acts and the suit have no pertinence to the issue here, but refer to property other than that involved in this suit. We think the evidence was properly excluded. The defendant also offered testimony to show that Bundy or his heirs never had possession, but that possession at all times was in Green and his heirs. As this court had already decided that Green could not attack his title by authentic act to Bundy, the lower court excluded the testimony to attack Bundy's title offered by the defendant, a purchaser at a tax sale, made under an assessment against Brown. In any aspect of the question, the testimony was properly excluded. The property stood on the public records as that of Louis F. Bundy, under a conveyance from Green dating back to 1837. On what principle is the defendant, not a creditor or heir of Green, to attack a sale made by Green to Bundy. That conveyance bound Green and his heirs, as this court had already decided. After that decision, the defendant chose to buy the property at a tax sale under an assessment against Brown, who never had any ownership. And now the defendant, to maintain his tax title, proposes to show the simulation of the Bundy title, and, if shown, it would not be an assessment against Brown. But the defendant is in no position to show the alleged simulation. Unless a counter letter is reserved, the vendor and his heirs are not permitted to dispute the authentic act. Civil Code, Arts. 2236, 2239. The verity of the act is also conclusive as to all except creditors and forced heirs of the vendor. It is elementary that one not a creditor of the vendor can not assail his conveyance of property. Civil Code, Art. 1993; Fennessy vs. Gonsoulin, 11 La. 424; Labauve vs. Boudreau, 9 Rob. 28; 2 Hennen's Digest, 1034, No. 1, *et seq.* Again, one who puts his property in the name of another whose title is recorded is bound by the recorded title. Assessments are directed to be made against the recorded owner. Instead of assessing the property here in the name of Bundy or his heirs, it was assessed in the name of one who bore no relation to the property. In view of the principle of law that holds the title by authentic act conclusive as to parties and as to all except forced heirs and creditors, we can not recognize the right of the defendant,

neither a creditor nor heir of Green, to originate a litigation as to the reality of Bundy's title. As to the defendant, Bundy must be deemed to be the owner, because the law gives that effect to the authentic act. This leads to the conclusion that the evidence to show the simulation or the alleged simulation of the Bundy title was properly excluded. The excluded testimony had no tendency to sustain a tax sale on an assessment against Brown, under which assessment defendant bought. The theory that the tax sale purchaser can defeat the right of the recorded owner by attacking his title as simulated is, in our view, utterly inadmissible. That title, spread by authentic acts in the public records, has full effect as to all, whether simulated or not, except with reference to creditors and heirs of the vendor. The holder of the tax title is not within the exception.

The tax sale to this defendant was under the revenue act No. 85 of 1888. Under that statute and the Constitution an assessment and notice to the owner was indispensable to vest title in the purchaser at the tax sale. The *prima facie* effect of a tax title opposed by defendant yields to the proof of plaintiffs' ownership at the time when it was attempted to sell their property to defendant under an assessment against Brown. Constitution, Art. 210; Hayes vs. Viator, 33 An. 1162; Breaux vs. Negrotto, Jr., 43 An. 426; Norres vs. Hays, 44 An. 912; Montgomery vs. Land and Lumber Company, 46 An. 403.

Tax titles carry the *prima facie* weight attached to them by the Constitution. We are not disposed to attribute bad faith to a purchaser at a tax sale unless a very clear basis exists. We do not think defendant should pay revenues prior to judicial demand; nor do we think the case is one for damages from a frivolous appeal.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed so far as it condemns defendant to pay rent from 1st January, 1893, and it is now ordered, adjudged and decreed that except in that respect the judgment of the lower court be affirmed, with the modification that defendant pay rent from judicial demand and that the plaintiff pay costs.