O’NIELL, Ó. J.
 

 The defendants have moved to dismiss the plaintiff’s appeal on the ground that the appeal bond was filed too late. The judgment was signed on the 10th 'of March, and the appeal bond was filed on the 22d. Two Sundays, the 14th and the 21st of March, intervened between the day on which the judgment was signed and the day on which the bond was filed. Therefore, only nine legal days elapsed, and the bond was filed on the tenth legal day, after the judgment was signed. In computing the ten days that are allowed for taking a suspensive appeal, the day on which the judgment is signed (or the day on which notice of judgment is served in the cases where such notice is required) and the day on which the appeal bond is filed are excluded from the count. Sundays also are excluded. Article 575 of the Code of Practice declares that, if the appeal be taken within ten days, not including Sundays, after notice of the judgment has been served upon the party cast, when such notice is required by law to be given, it shall stay execution "and all further proceedings until a final judgment is rendered on the appeal. If the calculation in this case disclosed, as the appellees contend, that the appeal bond was filed two days too late for a suspensive appeal it would not stay execution of the judgment, but the appeal would be nevertheless a valid appeal. Counting the 11th of March as the first of the ten days that were allowed for the taking of a suspensive appeal, however, the bond was filed on the last one of the ten legal days allowed, and was therefore filed within the ten days that were allowed for the taking of the suspensive appeal.
 

 The motion to dismiss the appeal is overruled.