(113 So. 833)

No. 28766.

TESSIER v. JACOBS.

In re JACOBS.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

Time ⬤�407 9(5)—Delay for answering after service of citation expires on tenth day, and preliminary default may be timely entered on next day (Code Prac. arts. 180, 318).

In view of Code Prac. arts. 180, 318, delay for answering expires on the tenth day if not a holiday, and if it be a holiday on the following day, after service of citation, and preliminary default may be timely entered on the next day.

Action by Charles A. Tessier, Jr., against S. L. Jacobs. Preliminary default granted against defendant, and defendant applies for a writ of prohibition. Application refused.

Frank P. Kreiger and Delvaille H. Theard, both of New Orleans, for relator.

Monroe & Lemann, of New Orleans, for respondent.

PER CURIAM. The relator has applied for a writ of prohibition to forbid the confirmation of a preliminary default. He was served with the citation on May 30, 1927, and the default was entered on June 10, 1927. He moved to set aside the default on the ground that it was prematurely granted. His motion was denied; hence the present application for relief.

Relator contends that, under Code Prac. arts. 180 and 318, the terminal day is excluded in the delay for answering, and he was, therefore, entitled to the whole of the next day (June 11, 1927) for that purpose. The contention is maintained by a forceful argument presented in the brief filed in support of his application, and, were the question an open one, we would unhesitatingly order up the case so that such an important matter of practice might be finally determined.

But we find that the intent and meaning of the codal articles have been settled by the uniform and consistent decisions of this court for more than 50 years. All these decisions, without exception, sanction the practice which has been followed by the court below and complained of here. They hold that the delay for answering expires on the tenth day, if not a holiday, and, if it be a holiday on the following day, after service of the citation, and that a preliminary default may be timely entered on the next day. See Hart v. Nixon & Co., 25 La. Ann. 136; Catherwood v. Shepard, 30 La. Ann. 677; Font v. Land & Improvement Co., 47 La. Ann. 272, 16 So. 828. See, also, Succession of Padin, 160 La. 223, 106 So. 835; In re Gem Co., 161 La. 18, 108 So. 110.

The judicial interpretation thus placed upon the codal articles has become, in effect, as much a part of them as the text itself, and we think must be adhered to, if there is to be any certainty and stability in the rule of practice laid down by the statutory law.

The preliminary default complained of by relator was timely granted, and his application for a writ of prohibition is therefore refused.