HOTARD v. CONSOLIDATED COMPANIES, INC.

(November 3, 1930. Opinion and Decree.)

Edrington & Carmouche, of New Orleans, attorneys for plaintiff, appellant.

St. Clair Adams, and St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

HIGGINS, J. The ground on which the motion to dismiss this appeal is based is that the transcript was filed too late. The order granting the appeal fixed the return day as December 30, 1929. The transcript was filed January 3, 1930, or one day more than three calendar days after the return day.

The appellant resists the motion to dismiss upon two grounds:

First, that January 1st, having intervened between December 30th and January 3rd, and being a dies non, it should not be counted.

Second, that article 318 of the Code of Practice, which is applicable to this situation, provides that "in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included."

Consequently, it is argued that the last day of grace, which would be January 2nd, should not be counted, and it is contended that the transcript was filed in time.

As to the first defense, to the effect that an intervening holiday should not be counted, we hape been referred to no authority and we know of none which sustains appellant's position in that regard. When the last day on which the transcript must be filed happens to be a legal holiday, it is sufficient if the appeal is lodged the following day, but no allowance can be made for the intervening holiday, which is counted with the other calendar days. State ex rel Bourg v. Marrero, 132 La. 109, 61 South. 136, Ann. Cas. 1914C, 783; Keplinger et al. v. Barrow, 132 La. 244, 61 South. 217; New Iberia National Bank v. Lyons et al., 164 La. 1018, 115 South. 130;

Roussel v. Guiterrez, 12 La. App. 700, 127 South. 1.

The transcript, not having been lodged within the three days, but on the fourth day, came too late, and the appeal should, therefore, be dismissed.

For the reasons assigned the appeal herein is ordered dismissed at the cost of appellant.