**THOMASON v. DAVIS et al. (three cases).**
**Nos. 428–430.**

District Court, W. D. Louisiana, Monroe Division.

March 31, 1931.

Stubbs & Thompson, of Monroe, La., for complainant.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, La., for respondents.

DAWKINS, District Judge.

These three suits were filed in the Fifth district court for Richland parish on July 21, 1930, citations were issued on the same day, and service was made July 25th, following, on the defendant Southern Carbon Company in Ouachita parish. The citations were in the usual form, and commanded the defendant to comply with the demands of the petitions, copies of which accompanied the citations, or file its answers in writing "in the office of the clerk of the district court" for Richland parish, within ten days after the service, with one day additional for each ten miles the defendant lived "from Rayville, not to exceed fifteen (15) days." The rules of the court fixed July and August as vacation months, with the regular term at Rayville, beginning on the "last Monday in September." However, the court was actually convened there on September 12th and 19th, respectively, but no defaults were entered in these cases, as might have been done.

On September 27, 1930, defendant Southern Carbon Company filed and had served in each of said cases notice to the attorneys for the plaintiffs that it would, on Monday the 29th, ask for orders for removal to this court. The petitions therefor and bonds were accordingly filed on the 29th, and the state court immediately signed the orders of removal.

Plaintiffs have moved to remand, for the reason that the petitions for removal came too late.

The matter is controlled by section 72 of title 28 U. S. C., 28 USCA § 72 (section 29, Judicial Code), which requires the application to be made to the state court at "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff. * * *"

Of course, in this state, the delays for answering suits are not governed by rule of court but by statute. La. Revised Code of Practice, art. 180. It provides that the defendant shall have ten days, counted from the day the citation "has been served * * * to comply with the demand" of the petition, if the defendant resides in the place where the court is held, with one additional day for each ten miles that his residence is distant therefrom, not to exceed in any case "fifteen days in all." This article of the Code of Practice has been construed by the Supreme Court of the State to require the answer to be filed within the delay allowed, and that, unless a motion to remove is filed by that time, it comes too late. See Font v. Gulf State Land and Improvement Co., 47 La. Ann. 272, 16 So. 828; Hart v. Nixon, 25 La. Ann. 136. There is no other statutory provision of the state, and, the Legislature having dealt with the specific subject-matter, the courts have no power to change it under their limited rule-making authority. The court of last resort of the state has construed it to mean that the time for pleading is fixed thereby, whether default has been entered or not, and the federal courts are bound to accept its interpretation of the state law. See Kansas City, Ft. S. & M. R. Co. v. Daughtry, 138 U. S. 298, 11 S. Ct. 306, 34 L. Ed. 963; Southwest Power Co. v. Price, 180 Ark. 567, 22 S.W.(2d) 373, certiorari denied (1930) 281 U. S. 753, 50 S. Ct. 353, 74 L. Ed. 1163.

The state trial courts may hold terms at any time the business may require, at the discretion of the judge, except as to those months designated as vacation, but I cannot see that this has anything to do with the question here.

The motions to remand will therefore be granted. Proper decree may be presented.