O’NIELL, Chief Justice.
 

 This is a concursus proceeding, brought by Kelly, Weber & Co., Inc., a furnisher of materials used in the construction of a state highway. The defendants are F. D. Harvey
 
 &
 
 Co., Inc., contractor; the Union Indemnity Company, surety on the contractor’s bond; and the Louisiana Highway Commission, builder of the project. The plaintiff stated in the petition the names of several parties who had recorded claims for labor or materials furnished for the construction of the highway, and prayed that they should be cited to appear and assert their claims. Among those who were thus cited and appeared, and whose claims were recognized, were the Texas Creosoting Company, of Orange, Tex., and the Standard Oil Company of Louisiana. The claim of Kelly, Weber & Co., Inc., also was recognized.
 

 The Louisiana Highway Commission filed an exception of no cause or right of action, which was overruled; and, reserving the benefit of -the exception, the commission answered, denying that there was any indebtedness due to Kelly, Weber & Co., Inc., but admitting that there was a balance of $8,375.91 due to the contractor, F. D. Harvey & Co., Inc. Judgment was rendered accordingly, ordering the Louisiana Highway Commission to deposit the sum of $8,375.91, with interest, into the registry of the court, for distribution, pro rata, among the furnishers of labor and material, according to the amounts for which the court gave judgment in their favor, respectively.
 

 The Louisiana Highway Commission took a suspensive appeal from the judgment. Kelly, Weber
 
 &
 
 Co., Inc., and the Texas Creosoting Company and the Standard Oil Company of Louisiana have filed motions to dismiss the appeal on the following grounds:
 

 First. That the petition for an appeal and the order of appeal were filed after the expiration of the ten days allowed by article 575 of the Code of Practice for taking a suspensive appeal.
 

 Second. That the appellant did not pray for an appeal from the judgment.rendered in favor of the party now moving to dismiss the appeal, and that there was no order of appeal from that part of the judgment rendered in the ease.
 

 Third. That the Louisiana Highway Commission judicially‘acknowledged the indebtedness for which the court gave judgment against the commission, and left in dispute only the interest on the amount, which is not sufficient in amount to bring the case within the jurisdiction of the Supreme Court.
 

 The Texas Creosoting Company makes the further complaint that, notwithstanding the company was represented by a law firm employed by the company, the citation to answer the appeal was addressed to, and served upon, a curator ad hoc, who was not appointed for
 
 *271
 
 the purpose of service of citation to answer the appeal.
 

 Taking up the complaints in their inverse order, we find no merit in the complaint of the Texas Oreosoting Company that the citation, addressed to the company, was served upon a curator ad hoc, instead of being served upon one of the attorneys employed by the company. In the petition for an appeal the appellant prayed for service of citation upon Kelly, Weber & Co., Inc.,
 
 et al.
 
 As Kelly, Weber & Co., Inc., was the only plaintiff in the suit, it could not be doubted that the
 
 et al.,
 
 in the prayer for service of citation to answer the appeal, meant
 
 the others
 
 in whose favor the judgment appealed from was rendered. The curator ad hoc, who was served with the citation to answer the appeal, was a member of the law firm whose members were appointed curators ad hoc, to represent the foreign corporation, when the suit was
 
 filed;
 
 and it appears that one of the members of the firmiwas a member also of the law firm afterwards employed by the- corporation. If the citation to answer the appeal was served upon the wrong party, the error of the clerk in issuing the citation, or of the officer who served it, should not be imputed to the appellant. Lewis v. Hennen, 13 La.. Ann. 259. The consequence of such an error would be not the dismissal of the appeal, but the granting of a reasonable delay for service of citation to answer the appeal. Code Prac. art. 898. There is no necessity nor request for any such delay in this case, because the appellee is before the court, praying for dismissal of the appeal on other grounds besides the alleged wánt of citation to answer the appeal.
 

 The third ground -urged in the several motions to dismiss the appeal — that the highway commission acknowledged the debt and thereby left in dispute only the interest on the debt — is a matter to be considered in deciding this ease on its merits. The highway commission pleaded first that the plaintiff had no cause of action; and, the plea being overruled, the commission answered under protest, with reservation- of its exception of no cause of action. Whether there is any merit in the exception of no cause of action is a question which must await a decision of the case on its merits. The question of appellate jurisdiction, in a ease like this, is determined by the amount of “the fund to be distributed,” not the amount claimed. Const, art. 7, § 10. If the fund to be distributed in this case did not exceed $2,000, exclusive of interest, the appeal would belong in the Court of Appeal; but the fund to be distributed is $8,375.91.
 

 The second ground urged in the motion to dismiss the appeal — that the appellant did not ask for an appeal from the judgment, rendered in,favor of any one of the parties, now moving to dismiss the appeal, and that no such order of appeal was granted — is not. well founded. The prayer of the appellant was merely for a suspensive appeal from the-judgment rendered in the case, and for service of citation upon Kelly, Weber & Co., Inc.,
 
 et al.
 
 The
 
 et al.
 
 meant, of course,, the other parties, appellees. It is not necessary for an appellant to name the parties, to be cited as appellees, in the petition for an appeal. Vredenburg v. Behan, 32 La. Ann. 561. See, also, Barton v. Kavanaugh, 12 La. Ann. 332.
 

 
 *273
 
 The only remaining, and most interesting, complaint in the motions to dismiss the appeal is that the appeal was not taken within ten days from the day -on which the judgment was signed. That complaint, if well founded, is not. a cause for which the appeal should he dismissed, but a cause for which, if it is well founded, the appeal should be declared not to have stayed execution of the judgment appealed from. Reine v. Reine, 170 La. 839, 129 So. 364.
 

 Article 575 of the Code of Practice provides that, if the appeal is taken within ten days, not including Sundays, from the. date on which the judgment is signed, or from the date of service of a notice of judgment in cases where such notice is necessary, the appeal shall stay execution of the judgment. The judgment in this case was signed on the 31st day of May, and the petition and order for the appeal were filed on the 13th of June; that is, on the thirteenth day after the judgment was signed. Two Sundays, the 4th and the 11th of June, intervened between the date of the judgment and the date on which the appeal was taken. The 3d of June was a legal holiday, being declared by Act No. 49 of 1928, p. 50, to be Confederate Memorial Day, and to be one of the “days of public rest and legal holidays,” mentioned in the statute.
 

 Article 318 of the Code of Practice declares that, in all cases where a specified delay is given in which to take any specified action, neither the day of service of the notice (where notice is required) nor the day on which the action is taken is to be included in counting the days. In this case there was no necessity for notice of the signing of the judgment. Therefore, excluding the day on which the judgment was signed, which was the 31st of May, and excluding the day on which the appeal was taken, which was the 13th of June, twelve full days intervened between the day on which the judgment was signed and the day on which the appeal was taken; or, not counting the two Sundays, ten full- days intervened between the day on which the judgment was signed and the day on which the appeal was taken; hence, it cannot be said that the appeal was taken
 
 within
 
 ten days, (not including Sundays), unless we exclude also the 3d day of June because it was a legal holiday.
 

 . It is. well settled, by the uniform jurisprudence, that, when the last one of the ten days (not including Sundays) .from the day on which a judgment is signed is a legal holiday, a suspensive appeal may be taken on the next day; but it has never been decided by this court that a legal holiday is not to be counted if it intervenes between the day on which the judgment is signed and the tenth day (not counting Sundays) after the judgment is signed. In fact, we are not aware of a decision rendered by this court where it was necessary to decide whether a legal holiday should be considered as if it were a Sunday, when it 'intervenes between the day on which the judgment is signed and the tenth day thereafter. In Garland v. Holmes, 12 Rob. 421, however, where the judgment was signed on the 20th of December, and the tenth day thereafter (not counting two Sundays) was a legal holiday, January 1st, it can hardly be assumed that the court overlooked the fact that the intervening Christmas Day also was a legal holiday. Therefore, if the court had been of the opinion that the intervening Christmas Day should not be counted as one
 
 *275
 
 of the ten days, there would have heen no occasion for considering that the 1st day of January also was a legal holiday, because the tenth day (not counting the two Sundays) would have been the 2d day of January, even if the 1st day of January had not been a legal holiday. In other words, the suspensive ap-' peal, which was taken on the 2d day of January, would have been taken on the ninth day «(not counting the two Sundays or the 1st of January) after the judgment was signed, and there would have been no room for argument, or occasion for saying that the 1st of January was the
 
 tenth
 
 day, if Christmas Day had not been counted. We assume, therefore, that the 1st. day of January would have been counted, just as Christmas Day was counted, as one of the ten days allowed for taking the suspensive appeal, if the 1st day of January had intervened between the day on’ which the judgment was signed and the tenth day thereafter — not counting the two Sundays. That decision, therefore, may well be considered as a precedent on which to establish the rule that a legal holiday (other than Sunday) shall be counted as one of the ten days. (not counting Sundays) in the delay allowed for taking a suspensive appeal, if the legal holiday (other than Sunday) intervenes between the day on which the judgment is signed and the tenth day (not counting Sundays) thereafter, but not if the legal holiday is the tenth day, not counting Sundays. There was no occasion for the statement in the syllabus of the decision in that case that:
 

 “A suspensive appeal may be taken within ten days from the day on which judgment was signed, exclusive of Sundays
 
 and days of public rest,”
 
 etc. (The italics are ours.)
 

 In State ex rel. Mercier v. Judge, 29 La. Ann. 223, the" only holidays in the ten days immediately following the day on which the judgment was signed were two Sundays; hence the statement which we italicize, in the syllabus of the decision, was not a part of the decision itself, viz.:
 

 “In computing the time within which a suspensive appeal may be taken,
 
 neither nonjudicial
 
 days' nor the day the judgment was signed, nor the day the appeal was taken, are to be counted.” ‘
 

 In Rady v. Fire Insurance Patrol, 126 La. 273, 52 So. 491, 139 Am. St. Rep. 511, it was held that the service of citation on a Saturday afternoon was not valid, notwithstanding Saturday half-holidays are not mentioned in article 207 of the Code of Practice, forbidding the issuing or serving of a citation on a Sunday or on any of the holidays named in the article. But the reason for the decision was that, when the article of the Code of Practice was amended, by Act No. 98 of 1890, so as to forbid the issuing or serving of a citation on any of the holidays named in the amendment, all of the calendar days that were then holidays were mentioned in the article as amended; and the court assumed that, as the intention was to include all holidays, those which were afterwards created, including Saturday afternoons, by Act No. 3 of 1904, should be considered as if mentioned in the article of the Code of Practice, as amended by the act of 1890. But, article 575 of the Code of Practice, fixing the time within which a suspensive appeal may be taken, has been amended several times, particularly by Act No. 24 of 1876, Act No. 45 of 1890. and Act No. 289 of 1926; and in the meantime many holidays have been created by the sev
 
 *277
 
 eral statutes on the subject; and yet the árticle of the Code of Practice says nothing about legal holidays, but merely says, “not including Sundays.”
 

 In Hendren v. Crescent City Seltzer and Mineral Water Co., 1 La. App. 25, where the judgment was signed on the 1st day of July, it was held that the 4th of July should be counted as one of the ten days allowed for taking a suspensive appeal. In State ex rel. Durieu v. New Orleans Land Co., 8 La. App. 249, it was said, by the Court of Appeal for the Parish of Orleans, that
 
 holidays
 
 should not be counted in computing the delay allowed for a suspensive appeal; but the only holiday that the court had to consider in that case was a Sunday. In Madison Lumber Co. v. Alson, 12 La. App. 428, 126 So. 242, where the judgment was signed on the 4th of October, it was held, by the Court of Appeal for the Parish of Orleans, that the 12th of October, Christopher Columbus Day, should be counted in computing the delay allowed for a suspensive appeal. And, in Hotard v. Consolidated Companies, 14 La. App. 670, 130 So. 662, where the appeal was made returnable on the 30th day of December, it was held that the 1st day of January should be counted as one of the three days of grace allowed for filing the transcript, and that' the filing of the transcript on the 3d day of January, which was the fourth day after the return day, was too late; and the appeal was therefore dismissed.
 

 Our conclusion, on this point in the case, is that we have no authority to add to the expression “not including Sundays,” in article 575 of the Code of Practice, “or other legal holidays.” We are admonished by article 13 of the Civil Code to adhere to the letter of the law, and not to attempt to pursue its spirit, when the law is free from ambiguity.
 

 The only remaining question is whether ten days (not counting the two Sundays) intervened between the 31st day of May, on which day the judgment was signed, and the 13th day of June, on which day the appeal was taken. The attorneys for the appellant argue that only nine days intervened between the 31st day of May and the 13th day of June — not counting the two Sundays. They contend that the meaning of article 318 of the Code of Practice is that, where a party has ten days (not counting Sundays) within which to take a suspensive appeal, he has, not only the remainder of the day on which the judgment is signed, and the ten days (not counting Sundays) immediately following the day on which the judgment is signed, but also the next day after the ten days expire. In support of that contention, the attorneys for the appellant cite the following cases: Garland v. Holmes, 12 Rob. 421; State ex rel. Mercier v. Judge, 29 La. Ann. 224; Tupery v. Edmondson, 29 La. Ann. 850; State ex rel. Solari v. Ellis, Judge, 40 La. Ann. 793, 5 So. 63, and Meyer v. Bichow, 133 La. 975, 63 So. 487. The decision in Garland v. Holmes does not support the argument for the appellant; and the rulings in the four other cases cited were founded upon an error resulting from the failure of the court to observe the true and only reason given for the ruling in Garland v. Holmes.
 

 In Garland v. Holmes, the judgment was signed on the 20th day of December, and the appeal was taken on the 2d day of January. Two Sundays intervened between the 20th day
 
 *279
 
 of December and the 2d day of January; and tbe ruling was that the appeal was taken in time, although taken on the eleventh day (not counting Sundays), because the tenth day (not counting Sundays) was a holiday, or day of public rest, being the 1st day of January, Citing Allen & Deblois v. Their Creditors, 8 La. 221, the court said:
 

 “It is true, that in that case, the last day on which an opposition could be filed was a Sunday; but, by an act of the General Assembly, approved on the 7th of March, 1838 (Acts, p. 44), the first of January was declared to be a day of public rest in this State, and was added to those days mentioned in the Code of Practice, in which no judicial proceeding can be had.”
 

 In Tupery v. Edmondson, 29 La. Ann. 850, the judgment was 'signed on the 18th day of June, and the appeal bond was filed on the 30th day of that month. One Sunday intervened. The court held, by an apparent .error of calculation, that ten legal days did not intervene between the 18th and the 30th of June. Citing State ex rel. Mercier v. Judge, 29 La. Ann. 224, it was held that the appeal was taken within ten days, excluding the one Sunday.
 

 In Mercier’s Case, the judgment was signed on the 4th day of January, and the appeal was taken on the 17th. Two Sundays intervened between the 4th and 17th of January. By a manifest error of calculation, it was held that the tenth legal day had not expired on the 17th of January. No reason was given for allowing the suspensive appeal to be taken on the eleventh legal day after the judgment.was signed. The court merely cited Garland v. Holmes, 12 Rob. 421, and article 318 of the Code of Practice. In Garland v. Holmes, as we have said, the decision Was correct because the last one of the ten days (not counting two intervening Sundays) was a legal holiday, or day of public rest.
 

 In the case of Taney v. Meilleur, 35 La. Ann. 117, over fifty years ago, Chief Justice Bermudez, for the court, explained the meaning of article 318 of the Code of Practice, thus:
 

 “The appellant however relies upon Article C. P. 318, which says that: [Here the article is quoted in full.]
 

 “He contends that under the terms of the two Articles [312 and 318] and the jurisprudence upon them, the law requires as well that the whole of the eleventh day following the service of a citation, shall be allowed to pass before a default can be taken, as that the whole of the third day shall also elapse before a default can be confirmed. * * *
 

 “The error in which the appellant has fallen is the legitimate result of a confusion of ideas on the subject of computation of time.
 

 “While it is undeniably true that a default cannot be taken before the eleventh day, after service of the citation, it is equally so that a default can not be confirmed before the third judicial day after the taking of the default; but it may well be so on that third day.
 

 “In the first case, the defendant is given ten full days to appear, which are to be counted from and exclusive of the day of service of the citation. ' In the second case, he is allowed two full judicial days, to be counted from and exclusive of the day on which the default is entered, to set it aside or file his answer. If he do not appear within the ten days fól
 
 *281
 
 lowing the service of a citation, a default can go against him on the eleventh day, not before. If he do not set the default aside within the two judicial days following that on which it was entered, confirmation, on proof, can take place on the third judicial day, not before.
 

 “The initial point for computation, in the first instance, is the day of service of citation, excluding it from the ten days. The initial point in the second instance, is the day of the taking of the default, excluding it from the two judicial days. The law is equally imperative in both cases.
 

 “It does not allow the defendant the third judicial day following the taking of the default, unless no confirmation has intervened.”
 

 In State ex rel. Solari v. Ellis, Judge, 40 La. Ann. 793, 5 So. 63, 64, the question was whether the record of an appeal from one of the city courts to the civil district court was filed within ten days after the appeal bond was filed in the city court. The appeal bond was filed in the city court on the 11th day of June, and the record was filed in the civil district court on the 22d day of June. Rule 29 of the civil district court required the record to be filed before the expiration of the tenth day after the filing of the appeal bond. The appellee, or respondent judge, conceded (erroneously) that, if the case was governed by section 2093 of the Revised Statutes, the record was filed in time to save the appeal. That section of the Revised Statutes required the record to be filed “within ten days” after the filing of the appeal bond. But the appellee, or respondent judge, contended that the section of the Revised Statutes was abrogated by certain provisions of the Constitution, dealing with the city courts. This court, of course, held that there was no difference between a rule requiring the performance of an act to be done within ten days from a given date and a rule requiring the same thing to be done before the expiration of the tenth day from the given date. But, citing Garland v. Holmes, 12 Rob. 421, and ignoring the fact that in that case the tenth day fell on a legal holiday, the court held (erroneously) that the record in Solari’s Case was filed within ten days, or before the expiration of the 10th day, after the day on which the appeal bond was filed. The court said:
 

 “Thus in the case of Garland v. Holmes, 12 Rob. 421, it appeared that the judgment had been signed on the 20th of December, 1845, and the .appeal was taken only on the 2d of January following, making an actual interval of 13 days; but, after excluding two Sundays, and ruling that the day on which the judgment had been signed and that on which the appeal had been taken should not be included, the court held that the appeal had been taken within 10 days after the judgment’had been signed.”
 

 It is plain, therefore, that, in deciding Solari’s Case, the court overlooked the fact that the only reason for the ruling in Garland v. Holmes was that the last one of the ten days (not counting two Sundays), after the judgment was signed, was a legal holiday. There is no reason why we should perpetuate the error made in Solari’s Case, or the miscalculation that was made in State ex rel. Mercier v. Judge, and again in Tupery v. Edmondson; all three of which erroneous decisions resulted merely from the court’s overlooking the true and only reason for the ruling in Garland v. Holmes.
 

 
 *283
 
 In Meyer v. Bichow, 133 La. 975, 63 So. 487, cited by the attorneys for the appellant, the last day of the fifteen days within which certain creditors were allowed to record their claims and serve their attested accounts fell on a Sunday; and it was held, for that reason, that the recording of the claims and the serving of the accounts on the next day, Monday, was in time.
 

 In the case of E. J. Hart & Co. v. John Nixon & Co., 25 La. Ann. 136, where citation was served on the 1st day of June, it was held, correctly, that the last one of the ten days allowed the defendant for answering expired on the 11th day of June, and that the first day on which a default could be entered was the 12th day of June.
 

 In Catherwood & Co. v. Shepard, 30 La. Ann. 677, where the last one of the ten days allowed the defendant for answering fell on the 1st day of January, it was held, as in Garland v. Holmes, that he had all of the next day in which to answer, and that a default could not be entered against him until the 3rd day of January. Mr. Justice Marr, in a concurring opinion in that case, counted, correctly, ten full days between the 22d of December and the 2d of January; but he thought that the 1st day of January should not be counted because it was the tenth day — not because it was a holiday. Justice Marr was construing article 180 of the Code of Practice, which provides that, in counting the ten days allowed for answering a lawsuit, before a de-' fault can be entered, neither the day of service of the citation “nor the day when the'delay expires” shall be included. Justice Marr construed the language, literally, to mean that the ten days’ delay should be really eleven days, when the eleventh day was not a holiday, and be twelve days when the eleventh day was a holiday. It is well settled, however, by the decision from which Justice Marr dissented, and by many subsequent rulings, that the expression “the day when the delay expires” means the first day on which a default may be entered. The language of article 318 is so plain, in that respect, that there would be no justification whatever for construing it as Justice Marr construed article 180 of the Code of Practice.
 

 In Font v. Gulf State Land & Improvement Company, 47 La. Ann. 272, 16 So. 828, where the citation was served on the 9th day of April, it was held, correctly, that the. last one of the ten days allowed for answering expired on the 19th of April. The court said;
 

 “In this ease the citation was served on the 9th April. The 10 days expired on the 19th, and the default was
 
 taken on
 
 the 20th.
 
 * * *
 
 We note the contention that the 20th is not to be counted, because it is claimed the delay expired on that day. *
 
 * *
 
 The day the'delay expired, in our view, was the 19th. The 20th was no portion of the delay.”
 

 In the Succession of Padin, 160 La. 223, 106 So. 835, where the first publication of the notice of the filing of an administrator’s account appeared on the 20th day of July, it was held that the ten days allowed for opr posing the account expired on the 30th day of July, and that the account was properly homologated on the 31st day of that month, because ten full days had intervened between the day of the first publication and the day of the homologation.
 

 In the case entitled In re Gem Co., Inc., 161 La. 18, 108 So; 110, 111, where the ap
 
 *285
 
 peal was dismissed because the transcript was not filed within the time allowed, this court explained the meaning of article 318 of the Code of Practice, as plainly as it could be explained, viz.:
 

 “However, counsel for appellants contend that, when the return day for an appeal is extended to, say, the 9th of the month, the appellant is entitled, not only to the 9th of the month within which to file the transcript in this court, but also to all of the day following, or the 10th of the month, within which to do so, and hence, that an application for an extension, in such instance, filed on the 10th of the month, is timely filed. Counsel for appellants cite in support of this contention article 318 of the Code of Practice. This article reads: * * *
 

 ' “All that this article means is that, when a person is given a delay of so many days in which to do a certain thing, he has all of the last one of those days in which to do it, and hence that day is not to be counted against him. See State ex rel. Duffel v. Marks, 30 La. Ann. 97; Catherwood v. Shepard, 30 La. Ann. 677. The. thing that was to be done in this instance was the filing of the transcript in this court.”
 

 Again, in Tessier v. Jacobs, 164 La. 239, 113 So. 833, in refusing to grant a writ of prohibition, the court stated the meaning of article 318 of the Code of Practice, thus:
 

 “The relator has .applied for a writ of prohibition to forbid the confirmation of a preliminary default. He was served with the citation on May 30, 1927, and the default was entered on June 10, 1927. He moved to set aside the default on the ground that it was prematurely granted. His motion was denied; hence the present application for relief.
 

 “Relator contends that, under Code Prac. arts. 180 and 318, the terminal day is excluded in the delay for answering, and he was, therefore, entitled to the whole of the next day (June 11,1927) for that purpose. * * *
 

 “But we find that the intent and meaning of the codal articles have been settled by the uniform and consistent decisions of this court for more than 50 years. All these decisions, without exception, sanction the practice which has been followed by the court below and complained of here. They hold that the delay for answering expires on the tenth day, if not a holiday, and, if it be a holiday on the following day, after service of the citation, and that a preliminary default may be timely entered on the next day. See Hart v. Nixon & Co., 25 La. Ann. 136; Catherwood v. Shepard, 30 La. Ann. 677; Font v. Land & Improvement Co., 47 La. Ann. 272, 16 So. 828. See, also, Succession of Padin, 160 La. 223, 106 So. 835; In re Gem Co., 161 La. 18, 108 So. 110.
 

 “The judicial interpretation thus placed upon the codal articles has become, in effect, as much a part of them as the text itself, and we think must be adhered to, if there is to be any certainty and stability in the rule of practice laid down by the statutory law.”
 

 Again, in Reine v. Reine, 170 La. 839, 129 So. 364, 365, where the judgment of the district court was signed on the 10th of March and the appeal bond was filed on the 22d — ■ two Sundays having intervened — it was said;
 

 “Counting the 11th of March as the first of the ten days that were allowed for the tak
 
 *287
 
 ing of a suspensive appeal, however, the bond was filed on the last one of the ten legal days allowed, and was therefore filed within the ten days that were allowed for the taking of the suspensive appeal.”
 

 It is true, therefore, as we said in Tessier v. Jacobs, that for more than fifty years this court has applied article 318 of the Code of Practice correctly, according to its plain •and precise language, except in the case of State ex rel. Solari v. Ellis, Judge, forty-five years ago; in which case the error of calculation was the result of the court’s failure to observe the true and only reason for the ruling that was made — correctly—in Garland v. Holmes, 12 Rob. 421.
 

 The Court of Appeal for the Parish of Orleans, in Madison Lumber Co. v. Alson, 12 La. App. 428, 126 So. 242, 243, respectfully declined to follow our ruling in Tessier v. Jacobs, 164 La. 239, 113 So. 833. The Court of Appeal interpreted correctly the ruling in Tessier v. Jacobs, but expressed the opinion that, for the reasons given by this court in that case, the decision should have gone the other way, viz.:
 

 “We interpret the case of Tessier v. Jacobs, supra, as authority for the proposition that, in the delays for answering, the tenth or terminal day must be counted, notwithstanding the provisions of article 318, C. P., and, for the reasons given in that case, we hold here that the tenth, or terminal, day does not count in computing the time allowed for a suspensive appeal, because of the provisions of article 318, C. P.”
 

 The only cases cited by the Court of Appeal in Madison Lumber Co. v. Alson were Garland v. Holmes, 12 Rob. 421, and Hendren v. Crescent City Seltzer & Mineral Water Company, Inc. (decided by the Court of Appeal) 1 La. App. 25. But, in the Hendren Case, the Court of Appeal overlooked the true and only reason for the ruling in Garland v. Holmes; for the Court of Appeal, in the Hendren Case, said:
 

 “In the Garland Case the judgment had been signed on December 20, 1855 (1845); the appeal was taken on January 2, j.856 (1846), two Sundays intervening. The appeal was therefore taken on the eleventh day from¡ the signing of the judgment, excluding two Sundays. Held, the appeal was taken in time.
 
 The very same conditions exist in this case,”
 
 (Italics are ours.)
 

 The Court of Appeal, therefore, failed to observe, in the Hendren Case, that the onei condition which existed in thei Garland Case —and which was the only reason for the ruling in that case, and which condition did not exist in the Hendren Case — was that the last one of the ten, days from the day on which the judgment was signed (excluding the two Sundays) was a holiday, -or day of public rest.'
 

 We
 
 have great respect and deference for the judgments of the Courts of Appeal, on all questions of law; but, as this court has jurisdiction to review the judgments of the Courts of Appeal on questions of law, their rulings are not controlling here on questions of law. We observe, however, that in Victoria Lumber Co. v. Woodson, 13 La. App. 30, 127 So. 95, subsequent to the case of Madison Lumber Co. v. Alson, the Court of Appeal for the Second Circuit, Odom, J., decid
 
 *289
 
 ed thus: “Where service on garnishee was made on July 29, garnishee having ten full days in which to answer and the last day not being a legal holiday, his delay for answering expired at close of August 8.” August 8 was the tenth day after July 29. We observe also that in Hotard v. Consolidated Companies, 14 La. App. 670, 130 So. 662, the Court of Appeal for the Parish of Orleans, referring expressly to article 318 of the Code of Practice, held: “The transcript, not having been lodged within the three days, but on the fourth day, came too late, and the appeal should therefore be dismissed.”
 

 Our conclusion is that the appeal in this case was not taken in time to stay execution of the judgment appealed from.
 

 It is adjudged that the appeal in this case does not stay execution of the judgment appealed from, but is a valid devolutive appeal. The motion to dismiss the appeal is therefore overruled.
 

 ST. PAUL, J., dissents.