**PELLACHINO v. CRYER (TENDRELL, Intervener).**

No. 1385.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1934.

James H. Morrison, of Hammond, for applicant.

Rownd & Warner, of Hammond, for respondent.

LE BLANC, Judge.

Plaintiff, alleging that he was a lessor and that the defendant owed him a balance of $162.84 for rent of a twenty-acre farm situated in the Seventh ward of Tangipahoa parish, obtained an order of provisional seizure from the city court of Hammond which exercises jurisdiction over the said ward in which the property is situated, under which writ the court marshal seized the crop of strawberries growing thereon. It appears from the record that the crop so seized amounted to ninety-four crates of strawberries which the marshal afterwards sold and held the proceeds in his hands.

After the seizure, Man Tendrell intervened in the proceeding, and alleging that he had subleased five acres of plaintiff's land from the defendant, Joe Cryer, that he had paid all rent due by him, and that the crop seized was his, asked to be recognized as the owner thereof and that the writ of provisional seizure be dissolved. He further prayed for $25 damages for the wrongful and illegal seizure of his property.

The court rendered judgment in favor of the intervener, Tendrell, dissolving the writ of provisional seizure in so far as it affected the ninety-four crates of strawberries and ordered the marshal to deliver to him the proceeds of sale as being his property, and awarded him the sum of $25 as attorney's fees for the dissolution of the writ. It was

on May 23, 1934, that the judgment was rendered and on May 31, 1934, that it was read and signed in open court.

On June 11, 1934, plaintiff, Joe Pellachino, was granted an appeal by the city court judge, both suspensive and devolutive, returnable to this court on July 15, 1934, conditioned upon his furnishing bond in the sum of $25. On June 13, 1934, plaintiff filed an appeal bond in the amount as fixed by the order of the city court judge himself, whereupon, the said judge, on a date not mentioned therein, issued an order of execution of judgment to the marshal, on the ground that plaintiff had not filed a suspensive appeal bond from the judgment rendered in favor of the intervener. It was from this order of execution of the judgment 'that plaintiff secured the alternative writ of prohibition which he now seeks to have made peremptory. Neither the respondent judge nor the intervener, to both of whom the order to show cause was directed, and who both accepted service thereof, have appeared in answer to the same, and beyond the statement contained in the order directing execution, to the effect that plaintiff had not filed a suspensive appeal bond, we do not know on what ground the lower court assumed jurisdiction of the case after the bond which is found in the record had been filed.

■ The appeal in this case was granted on petition of the plaintiff who prayed for "an order to appeal both devolutively and suspensively from" the judgment rendered against him. The order was annexed to the petition and was signed by the city court judge just as presented to him with the exception that the return day, the amount of the bond, and the date on which it was signed were inserted in the blank spaces provided therein, by handwriting. A comparison of the handwriting with the signature of the judge makes it appear as almost certain that he filled in these blank spaces himself. The order itself recites that both a devolutive and suspensive appeal are granted, as prayed for in the plaintiff's petition, "upon his furnishing bond, with good and solvent security in the sum of $25.00. * * *" In compliance with the order, the plaintiff furnished a bond in the sum named, with security whose solvency does not seem to be questioned. The only contention that could possibly be made therefore would be that the bond is not for the amount provided for by law for a suspensive appeal in cases where the judgment is for a specific sum of money, Code of Practice, art. 575, or in cases where it is for "the delivery of some movable of a perishable nature," Code of Practice, art. 576. In the first of these instances, the law itself fixed the amount of the suspensive appeal bond at "a sum exceeding by one-half the amount for which the judgment was given," and, in the second, the law again fixes the bond for such appeal at an "amount exceeding by one-half the estimated value of such movable." In this case, as already noted, the judgment is not for a specific sum, and neither is it for the delivery of a perishable movable, the decree being for the delivery of the proceeds of sale of ninety-four crates of strawberries already shipped by the marshal. Moreover, the order of court which directs execution of the judgment specifically states that these proceeds are in the hands of the marshal, in which case a bond for costs is sufficient to support a suspensive appeal. Blanchin v. The Fashion, 10 La. Ann. 345; Metropolitan Bank et al. v. Blaise et al., 109 La. 92, 33 So. 95.

■ The only other contention which might probably arise in this case would be with regard to the delay in filing the appeal bond, but a computation of the time taken brings the filing within the period allowed by the law, as interpreted by decisions of the Supreme Court.

Article 575, Code of Practice, specifically provides that Sundays are not to be included in the ten days within which to take the suspensive appeal, and the decisions hold that under article 318, Code of Practice, neither the day on which the judgment is signed, nor the day on which the delay expires are to be taken into account. That article of the Code of Practice provides that "in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included." See J. M. Tupery v. Edmondson, 29 La. Ann. 850; State ex. rel. Armand Mercier v. Judge, 29 La. Ann. 224; State ex rel. J. B. Solari v. Judge, 40 La. Ann. 793, 5 So. 63; Reine v. Reine et al., 170 La. 839, 129 So. 364.

In this case, judgment was signed on May 31, 1934, and the bond filed on June 13, 1934. Those two days therefore are to be excluded in computing the time allowed for taking the appeal. Between those two dates, two Sundays intervened, which must also be excluded in the computation. Eliminating all four days that are to be excluded under the law and the decisions cited, we are left therefore with only ten days, and, as the bond was filed on June 13, 1934, which under this process of computation became the tenth day, it must be held that it was timely filed and plaintiff's appeal was good as a suspensive as well as a devolutive appeal.

The effect of the suspensive appeal, of course, was to suspend execution of the judgment pending a final disposition of the case in the appellate court and the judge of the lower court was without right to issue the order which he did directing execution thereof.

For the foregoing reasons it is ordered, adjudged, and decreed that the writ of prohibition herein granted on June 27, 1934, be, and the same is, hereby perpetuated.

It is further ordered that this case be brought to this court on a record properly made up, to the end that it may be finally disposed of on the merits, all costs herein to await the final results of the judgment to be rendered.