**PELLACHINO v. CRYER (TENDRELL, Intervener).**

**No. 1453.**

Court of Appeal of Louisiana. First Circuit.
March 25, 1935.

James H. Morrison, of Hammond, for appellant.

Rownd & Warner, of Hammond, for appellee.

DORE, Judge.

This is the second time this case has been up before this court. The first time being on an application to perpetuate a writ of prohibition, the writ having issued to the city court of Hammond staying all proceedings in the execution of the judgment rendered in this case, and which writ, by judgment of Judge Le Blanc, was perpetuated. See 157 So. 770.

The contentions of the plaintiff and those of the intervener were fully set forth in the opinion rendered by Judge Le Blanc and need not be again reiterated. The facts are very few and can be easily determined.

The question to be adjudicated by this court is whether or not a subtenant can discharge himself from liability for the amount due the landlord by the original lessee to the original lessor of the rental due under the terms of the sublease.

The facts are admitted that Joe Pellachino leased, by written contract, a farm to a certain Joe Cryer, the original defendant in this case. This lease does not prohibit the original lessee to sublease any portion of his property. He thereafter subleased five acres to the third opponent Man Tendrell. Man Tendrell, the sublessee of Joe Cryer, the original lessee of Joe Pellachino, delivered unto the said Joe Cryer his one-fourth of the strawberries raised upon the five acres of land leased by him. After April 1, 1934, the plaintiff provisionally seized all of the growing crops upon the entire land, including the five acres subleased to Man Tendrell.

The facts show further than Man Tendrell delivered unto Joe Cryer the undivided one-fourth of all the strawberries upon the five acres.

We are of the opinion that article 2706 of our Civil Code clearly determined the issues of this case in that the former lessor cannot recover from the sublessee anything more but what is due to the original lessee. See C. C. art. 2706; La. Digest Volume 4, Subject Landlord and Tenant—Property of Sub-lessee § 109.

The next question presented to this court is the question of allowance of the $25 in the judgment as attorney's fees. Under Code of Practice, art. 396, the only time in which a third opposition can be allowed is:

First. When the third opponent claims the property under seizure; and

Second. When he contends that he has a prior lien and privilege over the seizing creditor.

The jurisprudence of this state interpreting this article has clearly stated that when a decision is based upon the ownership of the property, it is in the nature of a petitory action. The third opponent having claimed to be the owner of ninety-four crates of strawberries seized in this case, the question resolves itself solely and purely upon the ownership of the ninety-four crates of strawberries provisionally seized; and that was the sole and only question to be adjudicated by the lower court. The lower court having determined and, to our opinion, correctly, that the ninety-four crates of strawberries belonged to the third opponent—it could not go any further.

This opposition cannot be treated as a motion to dissolve the provisional writ of seizure issued in this case, and cannot in anywise be so termed or treated.

It is admitted by third opponent in his brief that the only time that attorney's fees can be allowed is upon a motion to dissolve a writ. The cause, having been heard on its merits, the attorney's fees allowed in the original judgment of the lower court should be disallowed.

The third opponent in his brief requested this court to mulct the plaintiff in damages for frivolous appeal. We cannot allow damages for the reason that he has not answered the appeal, nor do we think that any should be allowed in this case in that the judgment is erroneous in allowing attorney's fees.

The judgment rendered in the lower court should be recast to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of the third opponent, Man Tendrell, and against the plaintiff, Joe Pellachino, defendant in opposition, recognizing him, the said Man Tendrell, as the true and lawful owner of the crop of strawberries and other crops grown and produced by the said Man Tendrell on the five acres of land leased him by Joe Cryer, and that no rental is due by the said Man Tendrell; all at the costs in both courts of the plaintiff (defendant in third opposition) Joe Pellachino. Judgment amended and recast.